EASTERN DIST.
*February,* 1840.

MARTIN, PLEASANTS & CO. *vs.* BRANCH BANK OF ALABAMA AT MOBILE.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

MARTIN,
PLEASANTS & CO.
*vs.*
BRANCH BANK
OF ALABAMA
AT MOBILE.

A corporation or bank in which the stock is entirely owned by another state, and created by its laws, may be sued in the courts of this state.

An attachment lies against the property of a corporation, incorporated by the laws of another state.

The plaintiffs allege, they are holders of bank notes issued by the Branch Bank of the State of Alabama at Mobile, amounting to two thousand eight hundred dollars, that said bank is a corporation, created by a law of the State of Alabama, and liable to be sued.

The suit commenced by attachment of property belonging to the bank in New-Orleans. The plaintiffs pray that an attorney be appointed to represent the Bank, and that, after due proceedings had, they have judgment, and that certain property attached be sold to satisfy their demand.

The attorney appointed to represent the defendants, excepted to the action, and suggested, that the court could not entertain jurisdiction of this case, because the State of Alabama is the sole proprietor of the bank, and is not bound to appear in the courts of this state ; that the defendants have not such an existence and residence as to enable this court to compel an appearance, or maintain jurisdiction by attachment. He prays that the suit be dismissed.

On the merits, a general denial was pleaded.

Upon these pleadings and issues the cause was tried.

The judge *a quo* overruled the exceptions ; and, on proof of the plaintiffs' demand, judgment was rendered in their favor ; from which the defendants appealed.

*Jones,* for the plaintiffs, contended :

1. A state of the Union, in becoming a stockholder in a banking institution, loses its character as a sovereign, and is

**416**     CASES IN THE SUPREME COURT

EASTERN DIST.
*February*, 1840.

MARTIN,
PLEASANTS & CO.
*vs.*
BRANCH BANK
OF ALABAMA
AT MOBILE.

entitled to no greater privilege than any ordinary stockholder. 11 *Peters' Reports*, 349 ; *Bank of the United States* vs. *The Planters' Bank of Georgia*, 9 *Wheaton*, 904.

2. Corporations, for the purposes of sueing and being sued, are considered as individuals. 5 *Cranch*, 61 ; *Beaston* vs. *The Farmers' Bank of Delaware*, 12 *Peters*, 134 ; *Bank of Augusta* vs. *Earle*, 13 *Peters*, 583.

3. A foreign attachment lies against a corporation incorporated by the laws of another state. *Bushell* vs. *The Commonwealth Iusurance Company*, 15 *Sargeant and Rawle*, 172. It is the universal practice of our courts to sustain such proceedings. *Edmondson* vs. *The Mississippi and Alabama Rail Road and Banking Company; Robinson* vs. *The same ; Oakey et al.* vs. *The same ; Denton* vs. *Commercial and Rail Road Bank of Vicksburg*, all in the 13*th volume Louisiana Reports*.

*Chinn*, for the defendant, insisted, that the court was without jurisdiction, and could not proceed against a corporation owned, and which was the property of a sovereign state. A state cannot be sued, or compelled to appear in the courts of another state.

2. A sovereign state cannot be sued in attachment ; so, a corporation created and owned by a state is not amenable to the courts of another state. A corporation not being a natural person, process can only be served on its head or chief officer, within the jurisdiction of the state where this artificial body exists. There is nothing in this case which can give jurisdiction to the court. See the case of M'Queen and others *vs.* Middletown Manufacturing Co., 16 *Johnson*, 5.

*Martin, J.*, delivered the opinion of the court.

The defendants have based their expectation of the reversal of the judgment on two propositions :

1. That they are not sueable at all.

2. That they cannot be sued by attachment.

I. They claim an exemption from suit on the ground that the whole of the stock of the bank is the property of the State of Alabama; that no individual is interested therein, and,

consequently, the suit against them, is a suit against one of the states of the Union, which is not sueable in the courts of a sister state.

The plaintiffs have victoriously relied on a case similar to this, in which the Supreme Court of the United States sanctioned the converse of this proposition. *Briscoe* vs. *Commonwealth Bank of Kentucky*, 11 *Peters*, 257. See, also, case of *Craig* vs. *The State of Missouri*, 4 *Peters*, 410.

II. On the second proposition the defendants relied on a decision of the Supreme Court of the state of New-York, in 16 *Johnson's Reports, page* 5, *McQueen* vs. *Middletown Manufacturing Company*, which fully supports them.

This case was decided nearly a quarter of a century ago. The great increase of banking institutions, insurance companies, and other corporations, and the numerous relations between themselves and individuals, has wrought a great change in the jurisprudence of these states with regard to their right of standing in judgment, and that of their creditors to prosecute them.

The Supreme Court of the state of Pennsylvania held, that a foreign attachment lies against a corporation incorporated by the laws of another state. *Bushell* vs. *The Commonwealth Insurance Company*, 15 *Sargeant and Rawle*, 172. See, also, *Code of Practice*, 241. Such a body cannot be brought before the courts of the state, by à citation, served personally, or left at their domicil; they must, consequently, be sued by the process of attachment, or the service of citation made on a curator appointed to them, which are the only two modes known to our laws, by which persons who reside out of the state can be made amenable to our courts. *Louisiana Code*, 57.; *Code of Practice*, 116; *George* vs. *Fitzgerald*, 12 *Louisiana Reports*, 604.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.

A corporation, or bank in which the stock is entirely owned by another state, and created by its laws, may be sued in the courts of this state.

An attachment lies against the property of a corporation, incorporated by the laws of another state.