N. O., J. & G. N. R. R. Co. *v.* JAMES D. WALLACE.

1. CIRCUIT COURT — JURISDICTION — CORPORATIONS.— Corporations are artificial persons, existing only in contemplation of law. They must dwell in the place of their creation, and cannot migrate to another state. But they are liable to be sued like natural persons, in transitory actions, arising *ex contractu or ex delicto* in any state, where legal service of process can be had. Where the defendants in the court below appeared and pleaded to the action, they cannot object to the jurisdiction, and it is too late after the plea of the general issue, to raise the question of the authority of the court finally to dispose of the case.

2. PRACTICE — PLEADINGS — NOTICE.—Where an improper notice is attached to a plea of the general issue, the mode of avoiding the special matter proposed to be proved under it is, not by demurrer, but by an objection to the introduction of the testimony. Wren v. Hoffman, 41 Miss., 616.

3. SAME — INSTRUCTIONS — RULE OF LAW. — As corporations can only act in conformity with the law of the state by which they are created, such corporations are responsible as carriers only to the extent, and in conformity to the law of the state, where the contract is made or the duty undertaken, and it will make no difference whether the action is in form *ex contractu or ex delicto*. This is in conformity to the general rule of law upon the subject of contracts and torts, and where railroad corporations are sued out of the jurisdiction by which they were created, and under whose laws alone they can act, the extent and degree of their responsibility must be determined by the law of the place of the existence and action of such corporation.

ERROR to the circuit court of Lawrence county. Hon. URIAH MILLSAPS, Judge.

This was an action brought by defendant in error, against the plaintiffs in error, in the circuit court of Lawrence county, at the May term, 1869, thereof, to recover damages for an injury alleged to have been sustained by him, resulting from a collision of trains

of cars belonging to the plaintiff in error, on the 27th day of February, 1862, near Pontchitoula, in the state of Louisiana.

The declaration charges gross negligence, carelessness and misconduct on the part of plaintiff's agents and employees. Defendant below demurred, for want of jurisdiction. The court overruled the demurrer, and granted leave to plead. Defendant pleaded the general issue, and gave notice of special matter intended to be introduced on the trial. The plaintiff demurred to the notice. The record shows no disposition made of this demurrer. The case went to the jury, who found for the plaintiff, and assessed his damages at twelve thousand five hundred dollars ($12,500). A motion was made for a new trial, which was overruled by the court, and the cause comes to this court upon a writ of error.

*Harris & George,* for plaintiff in error.

*Bentonville Taylor,* for defendant in error.

1. Both parties regarded the railroad company as a domestic corporation, and a citizen of this state. The court will presume it was a domestic corporation, in the absence of allegations to the contrary, as every presumption is to be indulged in favor of the jurisdiction of the court. If any exception to the writ existed, it was waived by the plea or demurrer. The demurrer only for want of jurisdiction of the *subject-matter,* is an admission of jurisdiction over the *person of defendant.*

2. The act of 1852, Code of 1857, act of 1860 and act of December 7, 1863, each give our courts jurisdiction of all actions against railroad companies by service of process on any agent of the company whether domestic or foreign. Our statutes treat all suits against railroads as transitory, and in effect provides that our courts may adjudicate all " matters of controversy arising within this state," growing out of any cause of action by or against the railroad companies without regard to where these causes of action accrued.

3. The evidence establishes and fixes the liability upon the R.

R. Co. to pay the damages sustained. It is contended that the trains were taken possession of and run by the Confederate States government; but on this point the testimony on the part of the defendant in the court below, is emphatically contradicted; and even if it were true, it is affirmative matter that should have been specially pleaded, and such defense is waived by a failure to plead it.

4. The next point made is, that they were required to run the train out of schedule time. To this we answer that the "order" was but a "request" that they should run the train in accordance with the terms of their contract with the confederate government, whenever, and at such times, without regard to the *regular* schedule time, as the exigencies of the service might require, and this is *clearly implied* from the *objects* of the *contract*, but they did not start the train until they were ready. The superintendent, by telegraph, cleared the track of other trains, and the regiment waited for this preparation, and he told Col. Goode that the track was clear, and then the superintendent gave orders to start.

5. That the damages were excessive, we deny. This is a question for the jury exclusively, and it is proper to consider that the injury was inflicted in February, 1862, and the damages were assessed in April, 1874, over twelve years after the cause of action accrued. The judgment for $12,500, in 1874, is only equal to $5,000 in 1862, at 10 per cent. per annum. This rule was applied to actions of trover. Hinds v. Terry, W., 80; Texada v. Camp, W., 150; Fulton v. Woodman, 40 Miss., 593. Where the property has some *pecuniary* value to the plaintiff, and is withheld wilfully from the rightful owner, or he is wilfully deprived of it, in these cases, it is the *peculiar* province of the *jury* to find such additional damages as in *their* judgment is right. Whitfield v. Whitfield, 40 Miss., 352; 44 Miss., 254. A railroad is liable for exemplary damages, if it appears that its agents acted either with gross negligence or wanton and wilful mischief, destroys the property of another depasturing on its track. V. & J. R. R. Co. v. Pat-

ton, 2 George, 156. The jury may find exemplary damages. Southern R. R. Co. v. Kendrick, 40 Miss., 374; M. & C. R. R. Co. v. Whitfield, 44 Miss., 466. The principal in such case is responsible for the acts of his agent. N. O., J. & G. N. R. R. v. Bailey, 40 Miss., 395; V. & J. R. R. v. Patton, 2 George, 156; N. O., J. & G. N. R. R. v. Albritton, 9 George, 242; ib. v. Hurst, 7 George, 660.

PEYTON, C. J., delivered the opinion of the court.

This was a suit brought in the circuit court of Lawrence county, by the defendant in error against the plaintiffs in error, to recover damages for an injury alleged to have been sustained by him, resulting from a collision of trains of cars belonging to the plaintiffs, on the 27th day of February, 1862, near Pontchitoula, in the state of Louisiana, which is alleged to have been caused by the gross negligence, carlessless and misconduct of the agents and servants of the said plaintiffs.

The defendants below demurred to this action, for the want of jurisdiction in the court to entertain the suit, as the declaration shows that the injuries complained of were committed in another state. This demurrer was overruled, and leave was granted to the defendants to plead over to the plaintiff's declaration. Whereupon the defendants pleaded a plea, intended for the general issue, denying all and singular the allegations in the plaintiff's declaration. And gave notice under this plea that they would give on the trial special matter in evidence. To this the plaintiff demurred, but of which demurrer the record shows no disposition by the court. The defendants' second plea sets up by way of defense, the special matter of which notice had been given under the first plea, and a demurrer was sustained to this second plea, and leave was granted to plead over.

In this state of the pleadings the case was submitted to a jury, who found a verdict for the plaintiff, and assessed his damages at twelve thousand five hundred dollars. Whereupon the defend-

ants moved for a new trial on the following grounds : 1. Because
the verdict is contrary to the law and the evidence. 2. Because the
court erred in giving the instructions asked for on the part of the
plaintiff. 3. Because the court erred in refusing two of the in-
structions asked for on the part of the defendants. 4. Because
the verdict of the jury is excessive. This motion was overruled
by the court, and judgment rendered on the verdict. And from
that judgment this writ of error is prosecuted on the part of the
defendants below, who make the following assignments of error :

1. The court below erred in overruling the demurrer to the de-
claration, and in sustaining the demurrer to the defendants' pleas.

2. The court below erred in giving the instructions for the plain-
tiff, and in overruling the instructions asked by the defendants.

3. The court below erred in overruling the defendants' motion
for a new trial.

The first assignment of error is not well taken. The court had
jurisdiction of the subject matter of the suit, and as there is no
objection to the service of process by which the plaintiffs in error
are brought into court to answer to the action of the defendant in
error, the court had jurisdiction of the plaintiffs in error, and upon
well settled principles, the court having jurisdiction of the subject
matter of the suit and of the defendants, can entertain the suit and
try the cause.

Corporations are artificial persons, existing only in contempla-
tion of law. They must dwell in the place of their creation and
cannot migrate to another state. But they are liable to be sued
like natural persons in transitory actions, arising *ex contractu* or *ex
delicto*, in any state, where legal service of process can be had. And
upon a thorough examination of the law upon this subject, we
have not been able to find much ground to doubt whether a pri-
vate corporation of another state could be held to answer to an ac-
tion in our courts. We can see no very good reason why artificial
persons should not be liable to suit in the courts of another state,
as well as natural persons. Day v. Essex Co. Bank, 13 Vt., 101 ;

Angel and Ames on Corporations, 428, and 14 La., 415.  In transitory actions, foreign private corporations, like natural persons, may be sued anywhere where the court can obtain jurisdiction of the corporation either by legal service of process or its appearance by attorney.

In the case under consideration, the defendants in the court below having appeared and plead to the action, they cannot object to the jurisdiction.  In the case of Cook v. the Champlain Transportation Company, 1 Denio, 98, the court say :  "It is urged on the argument, that the defendants being a foreign corporation, were not amenable to the laws of this state, nor subject to the jurisdiction of its courts.

Such corporations are legal persons, and are by no means strangers in our courts.  They may sue, as is often done, and by appearing and pleading in chief, to an action brought against them, jurisdiction over the parties who defend, as in other cases, is conceded.  We need not stop to inquire whether an appearance could be compelled, for here, as far as we know, it was voluntary.  The general issue was pleaded, and the cause has been tried.  As this court has an undoubted jurisdiction over the subject matter of the action, it is now quite too late to raise the question of its authority finally to dispose of the case.  The demurrer to the declaration was therefore properly overruled.  And the demurrer to the notice attached to the general issue was not the proper mode of taking the objection to the matter proposed to be given in evidence under the plea.  When an improper notice is attached to the general issue, the mode of avoiding the special matter proposed to be proved under it is not by demurrer, but by an objection to the introduction of the testimony. Wren v. Hoffman, 41 Miss., 616. This demurrer ought therefore to have been stricken out.  But the demurrer to the second plea was properly sustained as it contained the same matter specified in the notice attached to the first plea.

The second assignment of error impeaches the correctness of the instructions given for the plaintiff.  We can see no objection to the second instruction.

The first instruction is as follows: "The court instructs the jury that under the law of this state, every railroad company shall be liable for all damages which may be sustained by any person in consequence of the neglect or mismanagement of any of their agents, conductors, engineers or clerks, or the management of their engines." This instruction has reference to our own laws, and not to those of Louisiana, in which the injury complained of in this action occurred.

As corporations can only act in conformity with the law of the state by which they are created, it must follow by parity of reason, that such corporations are responsible, as carriers, only to the extent and in conformity to the law of the state where the contract is made or the duty undertaken. And it will make no difference whether the action is in form *ex contractu* or *ex delicto.* This is in conformity to the general rule of law upon the subject of contracts and torts. So that where railroad corporations are sued out of the jurisdiction by which they were created, and under whose laws alone they can act, the extent and degree of their responsibility must be determined by the law of the place of the existence and action of such corporation.

And it has been held that where a collision between American vessels occurred in a British port, the rights of the parties depend upon the British statutes or laws there in force, and if doubts exist as to their true construction, our courts will adopt that which is sanctioned by the courts of Great Britain. Smith v. Condry, 1 How., U. S., 28 ; Redfield, 339, secs. 471, 473 and 476. If the rights of the parties in this litigation depend upon the laws of the state of Louisiana, where the collision occurred, it follows that the instruction is inapplicable to the facts of the case, and is therefore erroneous. 2 Redfield on Railways, 313. The record shows that all the instructions asked by the defendants below were given.

The refusal of the court to grant a new trial is made the subject of the third and last assignment of error. And one of the grounds assigned in the motion for a new trial is that the court erred in

giving the instructions asked by the plaintiff.    We have seen that the first instruction given to the jury on part of plaintiff did not propound the law applicable to the facts of the case, and for that reason the court below erred in overruling the defendant's motion for a new trial.

The judgment must be reversed, the cause remanded, and a *venire de novo* awarded.