VICKSBURG S. & P. R. Co. *v.* FORCHEIMER.

[74 South. 418, Division B.]

1. CONSTITUTIONAL LAW. *Due process. Serving agent of interstate carrier.*

Under chapter 123, Laws 1908, providing that any corporation claiming existence under the laws of any other state or foreign country found doing business in this state shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not, etc., when a corporation enters Mississippi for the purpose of doing an interstate business, the corporation itself is here found doing business, and process can here lawfully be served upon the regular agent of the corporation.

2. SAME.

In such case defendant is not denied due process of the laws.

3. SAME.

In such case where the foreign corporation appears and attempts to defend the action by interposing a plea to the jurisdiction, such appearance removed all doubt as to jurisdiction of its person and it was in court for all lawful purposes.

Appeal from the circuit court of Warren county.

Hon. E. L. Brien, Judge.

Suit by Mrs. Fannie Forcheimer against the Vicksburg, Shreveport & Pacific Railroad Company. From a judgment for plaintiff, defendant appeals.

This suit was begun by declaration in the circuit court of Warren county, Miss., against the defendant, a Louisiana corporation, with an office and agent at Vicksburg, Warren county, Miss., and doing an interstate business only between Vicksburg, Miss., and points in the state of Louisiana.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellant.

Let it be observed in the outset that if the circuit court of Warren county were without jurisdiction of the person of the defendant its special and limited appearance for the purpose of objection to the court's assumption of jurisdiction, did not confer jurisdiction. The case does not fall within the provisions of our Code, Mississippi Code of 1906, sections 3646, 3947, the one section providing that an appearance by a defendant by motion to quash process shall be an appearance to the merits, and the other that a defendant who appeals from a judgment and secures its reversal because of a defective service of process shall be deemed to have entered his appearance to the cause in the court from which the appeal was taken. These statutes relate only to defective process and to defective service of process; they have no relation to the question now before the court; nor does any other Mississippi statute regulate or narrow the right of a person not subject to suit in this state to enter a special and limited appearance made alone to object to jurisdiction of his person, the right to enter a special appearance, except as narrowed by the Code sections cited, is just as broad in Mississippi at this time as it was at common law; in truth, the

Code sections are a legislative recognition of the right, since a statutory modification of a rule is itself a legislative recognition of the rule in so far as the statute does not change it. *Farquiar* v. *Alabama, etc., Ry. Co.*, 78 Miss. 193, second paragraph of the syllabus.

Our main proposition. We submit to the court that under the Fourteenth Amendment to the Constitution of the United States, providing that no state shall ''deprive any person of life, liberty or property, without due process of law,'' it is not in the power of this state to subject a foreign corporation to a suit brought by a citizen and resident of another state upon a cause of action arising from a tort committed in that other state, in no way connected with any business done by the foreign corporation in this state.

That a foreign corporation is a person and a citizen of the state under whose laws it was created cannot be doubted; nor can it be reasonably questioned that the wrongful subjection of a person to a suit, judgment and execution is the taking of his property, where due process of law is denied, within constitutional protection. These propositions do not need citation of authority in their maintenance.

We base our main proposition on two recent decisions of the United States supreme court to which the careful attention of this court is requested. *Old Wayne Life Association* v. *McDonough*, 204 U. S. 8, decided January 7, 1907; *Simon* v. *The Southern Ry. Co.*, 236 U. S. 115, decided January 25, 1915; *Southern Ry. Co.* v. *Simon*, 184 Fed. 959.

It is true in the case at bar that the defendant, after the plaintiff's demurrers to its pleas had been sustained, and after it had duly objected and excepted (see judgment on demurrers, record p. 9) to the judgments on its pleas, entered a general appearance, yet according to well recognized practice, the general appearance, being forced and not voluntary, was not a waiver or abandonment by the defendant of its special

pleas and defenses made of record under its special and limited appearance.

*B. W. Griffith, Jr.* and *Brunini & Hirsch,* for appellee.

Before proceeding to an enumeration of the cases bearing upon this matter, we desire to set out the statute of Mississippi which pertain to the same, as follows: Section 3946 of the Mississippi Code of 1906, is as follows:

"Motion to quash process and appearance. Where the summons or citation, or the service thereof, is quashed on motion of the defendant, the case may be continued for the term, but defendant shall be deemed to have entered his appearance to the succeeding term of the court."

This provision has been held constitutional by the supreme court of the United States in the case of *York* v. *Texas,* 34 Law Ed. 604, and also in the case of *Kauffman* v. *Wooters,* 34 Law Ed. 962. Under this provision, the constitutionality of which is thus upheld, the defendant submitted itself to the personal jurisdiction of the courts of Mississippi by its personal appearance, even though same were a special appearance and even apart from the fact that it was duly and regularly served with summons.

Chapter 123 of the Mississippi Laws of 1908, at page 132, provides as follows: "Foreign corporations found doing business in this state subject to suit here. Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not."

As stated by the defendant, on page 13 of its original Brief, the Mississippi Code of 1906, section 3932, provides that in suits against railroad companies, process may be served upon any agent of the defendant and Id., section 708 provides that, "Actions against any

Railroad Corporation may be brought in any county in which any part of such railroad may be.''

The supreme court of our state has passed upon the issue raised here so decisively that were it not for the Federal question which the defendant is presenting we should merely call attention to the two leading Mississippi cases upon this subject, and rest upon those very ably reasoned opinions. *N. O. J. & G. N. R. R. Co.* v. *Wallace,* 50 Miss. 244; *Pullman* v. *Lawrence,* 74 Miss. 782; *Chicago, St. Louis & New Orleans Railroad Co.* v. *Doyle,* 70 Miss. 977; *Illinois Central Railroad Co.* v. *William Crudup, Admr.,* 63 Miss. 291; *McMaster* v. *Illinois Central Railroad Co.,* 65 Miss. 764; *Saxony Mills* v. *Waggener & Co.,* 47 So. 899 (Miss. 1909.)

In the very recent case of *Fisher* v. *Pac. Mut. Life Insurance Co.,* 72 So. 846 (Miss. 1916); *Railroad Co.* v. *Swanson,* 92 Miss. 485; *Standard Oil Co.* v. *State,* 107 Miss. 377.

Having examined the holdings of the supreme court of our state upon this question, let us turn our attention to the rulings of other states in which it has likewise been presented. *Barnes* v. *Union Central Life Insurance Company,* decided in Kentucky in 1916, 182 S. W. 169; *South* v. *Continent. Cas. Co.,* 185 S. W. 858; *Watson* v. *Richmond and D. R. Co.,* 18 S. E. 306 (Georgia, 1892); *Reeves* v. *Southern Railway Company,* 49 S. E. 674 (Ga., 1905); *V. C. R. I. & P. Ry. Co.* 65 S. W. 27 (Texas, 1901); *Hawkins* v. *Fidelity & Cas. Co.,* 51 S. E. 724 (Ga., 1905); *Reeves* v. *Southern Railway Co.,* 46 S. E. 674, 121 Ga. 561.

As stated above, if it were not for the Federal question raised by the defendant herein, there would be nothing to argue before our supreme court.

We wish now, however, to present this matter from the viewpoint of the Federal courts, and hereafter, practically all of the authorities which we shall cite, shall be from the United States courts. *Lafayette Insurance Co.* v. *French,* 15 Lawyers' Ed. 451; *St. Clair* v. *Cox,* 27

Lawyers' Ed. 222; *Barrows S. S. Co.* v. *Kane,* 42 Lawyers' Ed., 964; *Denver & R. G. R. R. Co.* v. *Roller,* 100 Fed. 738, 79 L. R. A. 77; *Nickerson* v. *Boiler Co.,* 223 Fed. 843; *St. Clair* v. *Cox,* 106 U. S. 350, 1 Sup. Ct., 354, 27 L. Ed. 222, 12. R. C. L. 104; *Goldey* v. *Morning News,* 39 Lawyers' Ed. 517; *Kendall* v. *American Auto Loom Co.,* 49 Lawyers' Ed. 1133; *Reeves* v. *Southern Railway Co.,* 49 S. E. 674; *Schmidlapp* v. *Ins. Co.,* 71 Ga. 246; *Associated Press* v. *United Press,* 104 Ga. 51, 29 S. E. 869; *Reynolds Co.* v. *Martin,* 116 Ga. 495, 42 S. E. 796; *Eingartner* v. *Steel Co.,* 94 Wis. 70, 68 N. W. 664, 34 L. R. A. 503, 59 Am. St. Rep. 859; *Nelson* v. *R. Co.,* 88 Va. 971, 14 S. E. 838, 15 L. R. A. 583; *Haggin* v. *De Paris* (L. R.), 23 Q. B. D. 519; *Lhoneux* v. *Banking Corporation* (L. R.), 33 Ch. Div. 446; *Dennick* v. *R. R. Co.,* 103 U. S. 11, 18, 26 L. Ed. 439; *St. Clair* v. *Cox,* 106 U. S. 350, 354, 1 Sup. Ct. 354, 27 L. Ed. 222; *Barrow Steamship Co.* v. *Kane,* 170 U. S. 109, 18 Sup. Ct. 526, 42 L. Ed. 222; *Barrow Steamship Co.* v. *Kane,* 170 U. S. 109, 18 Sup. Ct. 526, 42 L. Ed. 964; *Knight* v. *R. Co.,* 108 Pa. 250, 56 Am. Rep. 200. See, also, Reno on Non-residents, sec. 44, *et seq.,* Minor's Conflict of Laws, sec. 192, Pol. Code 1895, sec. 9; *American Colonization Society* v. *Gartrell,* 23 Ga. 448.

Stevens, J., delivered the opinion of the court.

The only point relied upon by appellant is the contention that the circuit court of Warren county had no jurisdiction of this suit, and that the assumption of jurisdiction by the trial court was a denial to appellant of due process of law, contrary to the Fourteenth Amendment to the federal Constitution. The question was raised by special pleas, charging that the plaintiff in the declaration was a resident citizen of the state of Illinois; that the defendant, appellant, here, was a corporation created by the laws of Louisiana; and that the defendant had not entered the state of Mississippi for

the purpose of doing an intrastate business, but, on the contrary, was a non-resident corporation. A demurrer was interposed to these special pleas, and by the court sustained. In addition to the averments of the pleas, there is for the purposes of this appeal a written stipulation in the record as follows:

"It is agreed that the defendant is a corporation, chartered, organized and existing under the laws of the state of Louisiana and domiciled in the state of Louisiana. It is also agreed that the defendant has an agent here and transacts business in the city of Vicksburg, state of Mississippi, as set out in their plea. It is further agreed that the defendant is not engaged in intrastate business in the limits of the state of Mississippi."

Chapter 123, Laws 1908, is as follows:

"Section 1. Be it enacted by the legislature of the state of Mississippi, that section 919, Mississippi Code of 1906, be and the same is so amended as to read as follows:

"Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not," etc.

If we should look alone to our statute and the decisions of this court, this case would be affirmed without a written opinion. See *New Orleans, etc., R. Co.* v. *Wallace,* 50 Miss. 244; *Pullman Palace Car Co.* v. *Lawrence,* 74 Miss. 782, 22 So. 53. It is contended on behalf of appellant that these decisions were rendered years ago, and are contrary to the later development of the law as declared by the federal supreme court. It is in response to this argument that we state briefly the views which induce us to affirm the judgment of the court below.

The policy of our state is to open the door of our courts to all foreign corporations desiring to sue on any

proper cause of action, and to subject foreign corporations to suit here the same as individuals. This is the express declaration of our statute, and this has been the holding of our court since the rendition of the decision in *Railroad Co.* v. *Wallace, supra.* This decision was rendered in 1874, and the court, by Peyton, C. J., made the following very positive declaration:

"Corporations are artificial persons, existing only in contemplation of law. They must dwell in the place of their creation and cannot migrate to another state. But they are liable to be sued like natural persons in transitory actions arising *ex contractu* or *ex delicto,* in any state, where legal service of process can be had. And upon a thorough examination of the law upon this subject, we have not been able to find much ground to doubt whether a private corporation of another state could be held to answer to an action in our courts. We can see no very good reason why artificial persons should not be liable to suit in the courts of another state, as well as natural persons. *Day* v. *Essex Co. Bank,* 13 Vt. 101; Angel and Ames on Corporations, 428, and 14 La. 415. In transitory actions, foreign private corporations, like natural persons, may be sued anywhere where the court can obtain jurisdiction of the corporation either by legal service of process or its appearance by attorney."

And again in *Pullman Co.* v. *Lawrence, supra,* our court, through Woods, C. J., reviewed not only the authorities of our state court, but the leading authorities elsewhere, and, in an elaborate opinion, reaffirmed the holding. In construing our statute the court in this case says:

"By this statute our courts are thrown wide open to foreign corporations, and they are made liable to suit just as individual nonresidents are. They may be proceeded against by attachment, in proper cases, just as individual nonresidents are liable to be proceeded against, or, if legal process can be served on them in this state, they may be sued in any other appropriate form

of action, just as individual nonresidents who may come into this state and be legally served with process may be sued in any appropriate action.''

We are unable to appreciate the argument that the prosecution of this suit in the Mississippi court denies to appellant due process of law. It must be admitted that the circuit court of Warren county is an impartial tribunal, competent under our laws to pass judgment upon the subject-matter of this suit; and the only possible jurisdictional question is whether appellant was lawfully summonsed or brought within the jurisdiction of the court and given an opportunity to be heard in defense of plaintiff's case. The learned circuit court unquestionably had jurisdiction of the subject-matter. Did it then have jurisdiction of the person? It appears that a summons was issued and served in due form upon appellant's regular agent at Vicksburg, Miss.; and in response to this summons appellant appeared by attorney and pleaded to the jurisdiction. It is agreed that, while appellant was a corporation, chartered and existing under the laws of the state of Louisiana, it ''has an agent here and transacts business in the city of Vicksburg, state of Mississippi.'' The agent upon whom the process was served was one of the regular agents of the corporation, and not some official designated by statute to accept process for a corporation of this kind. The corporation cannot do business except through its officers and agents; so, likewise, it cannot be served with process except upon its officers and agents. The fact that appellant is found in Warren county doing merely an interstate business is immaterial. When a corporation enters Mississippi for the purpose of doing an interstate business, the corporation itself is here found doing business, and process can here lawfully be served upon the regular agents of the corporation. There can be no question that the corporation was duly served with process. More than this, the corporation appeared and by its appearance was in court for all

lawful purposes. It attempted to defend by interposing a plea to the jurisdiction. If the court had jurisdiction of the subject-matter, the appearance of defendant removed all doubt as to jurisdiction of the person.

Counsel for appellant rely upon *Old Wayne Mutual Life Association* v. *McDonough,* 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345, and *Simon* v. *Southern Railway Co.,* 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492. These cases are easily differentiated from the case at bar. The jurisdiction in each of these two cases was obtained by service of process upon an agent designated by state statute and not upon an officer or *bona fide* agent of the defendant company. It does not appear that either the Pennsylvania or the Louisiana statute involved in these two cases, respectively, expressly authorized a suit against a foreign corporation on a cause of action which did not accrue within the state enacting the statute in question. Our statute in this regard is much more comprehensive, and expressly authorizes suit here, "whether the cause of action accrued in this state or not." But aside from this difference in the state statutes involved, there was no personal service of process in either of the two cases relied upon. The syllabus to the Old Wayne Case recites expressly that the nonresident "was not personally served with process within the state, and who made no appearance in the action." The court in its opinion, called attention to the fact that the Pennsylvania statute "is only directed against insurance companies who do business in that commonwealth—'in this state;'" and that the insurance corporation in that case should not be held to have impliedly assented to service of process upon the insurance commissioner where the cause of action did not accrue in Pennslyvania. But there was total absence of personal service of process in that case, and the corporation did not appear by agent or attorney. So, likewise, in the *Simon Case, supra,* there was no personal service of process upon the corporation, but a substituted service upon a state official designated by statute. The gist of the opinion

is found in the following language employed by the court:

"We therefore purposely refrain from passing upon either of the propositions decided in the courts below, and without discussing the right to sue on a transitory cause of action and serve the same on an agent voluntarily appointed by the foreign corporation, we put the decision here on the special fact, relied on in the court below, that in this case the cause of action arose within the state of Alabama, and the suit therefor, in the Louisiana court, was served on an agent designated by a Louisiana statute."

Then again:

"But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law."

The company in this last-named case made no appearance, and the default judgment, in the opinion of the federal supreme court, was absolutely void. No such case is here presented. The great weight of modern authority is to the effect that a foreign corporation may be sued where it is found just the same as an individual, and this we understand to be the holding of the federal courts themselves. *Lafayette Ins. Co.* v. *French,* 18 How. 404, 15 L. Ed. 451; *St. Clair* v. *Cox,* 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; *Barrow S. S. Co.* v. *Kane,* 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; *Denver & R. G. R. R.* v. *Roller,* 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77; *Nickerson* v. *Boiler Co.* (D. C.), 223 Fed. 843; 12 R. C. L. 104. In *Barrow S. S. Co.* v. *Kane, supra,* the court says:

"The constant tendency of judicial decisions in modern times has been in the direction of putting corporations upon the same footing as natural persons in regard to the jurisdiction of suits by or against them."

Decisions of state courts could be multiplied. Many of them are cited in the briefs.

*Affirmed.*