S & W Construction Company, Inc. *v.* Douglas

No. 42354          June 11, 1962          142 So. 2d 33

*Brewer, Brewer & Luckett,* Clarksdale; *Chandler, Manire & Chandler,* Memphis, Tenn., for appellants.

500

*Talbot, Sullivan & Dunbar,* Clarksdale; *Burch, Porter & Johnson,* Memphis, Tenn., for appellee.

504

McElroy, J.

The appellee, Maurice Douglas, sued S & W Construction Company, Inc., in the Circuit Court of Coahoma County, Mississippi, for damages for personal injuries sustained in an accident which occurred in Shelby County, Tennessee. From a verdict and judgment for $150,000, appellant appeals.

On the night of November 11, 1958, appellee was a passenger in an automobile being driven by Kelly Beretta in a southerly direction along U. S. Highway 51, in Shelby County, Tennessee. Highway 51 is a main through highway running from Memphis to New Orleans. Prior thereto appellant had constructed a detour, or runaround, on said highway for use while an overpass, or exchange, was being constructed on the highway. This construction was done by appellant under a contract with the Tennessee State Highway Department, but the contract is not in the record. As appellee and Beretta approached the detour from the north there were detour signs beginning about 1000 feet north of the detour which signs showed "Detour, Slow." These signs showed arrows, electric lights and "Road Closed." There were also barricades indicating the detour with directions to turn west or right to go on the detour around the con-

struction. The detour itself was forty feet wide, paved with asphalt, with a white strip down the center. There were two traffic lanes in each direction. After entering on the detour there were no signs, speed limit signs, reflective delineators, lights, or other warning devices; there were no guard rails. The shoulders of the detour were approximately three feet wide. The detour was on a fill so that the actual travelled part thereof was elevated above the surrounding terrain. A guard rail was required by the contract. Prevailing safety practices required the erection of maximum speed limit signs. According to experts, the detour could not be safely travelled at a speed over 25 miles per hour.

Just as the Beretta automobile rounded the curve at the south end of the detour it had a flat tire. The shoulders were too narrow to allow the automobile to be driven entirely off the travelled portion of the detour. Beretta pulled his automobile to the right as far as he could. He was immediately south of the curve leading back into the highway proper. Part of his automobile was on the shoulder and part was in the right hand traffic lane. Beretta and appellee got out of the automobile to fix the flat tire. The left rear tire was flat. Appellee took off the hub cap and loosened the lugs while Beretta jacked up the automobile. Appellee then pulled off the flat tire and rolled it to Beretta, who rolled the spare to appellee. Appellee slipped the spare on and began tightening the lugs while standing or squatting on the pavement to the left of the rear wheel. He looked up and car lights "were on top of me." An automobile travelling south at a speed of about 40 or 45 miles per hour ran over appellee inflicting serious, painful and permanent injuries, including the loss of both legs. Appellant was charged with thirteen acts of negligence, all in connection with the construction and maintenance of said detour or runaround.

■■ ■ Appellant contends that it was not suable in Coahoma County, Mississippi, on the ground that appellant is a Tennessee corporation, plaintiff is a resident of Tennessee, and the accident occurred in Tennessee. Appellee contends that appellant qualified to do business in Mississippi in 1948, and appointed a resident agent for the service of process, and service was had on said agent. We hold that the Circuit Court of Coahoma County had jurisdiction to hear the case. Vicksburg, S. & P. R. Co. v. Forcheimer, 113 Miss. 531, 74 So. 418; Railroad v. Wallace, 50 Miss. 224; Pullman Palace Car Co. v. Lawrence, 74 Miss. 782, 22 So. 53; Sec. 1440, Sec. 5319, Mississippi Code of 1942, Recompiled.

At the conclusion of the evidence appellant requested and was denied a directed verdict. This is assigned as error and we hold that the directed verdict should have been given.

■■■ ■ It is conceded by the parties that the law of Tennessee applies on the question of liability. It is also conceded that in Tennessee contributory negligence is a bar to recovery. The rule in Tennessee in that regard is that if the plaintiff was guilty of direct and proximate contributory negligence, contributing to the injuries and damages to plaintiff, then that direct and proximate negligence, however slight, bars recovery. But negligence which was not direct and proximate, but only remotely contributing to the injury and damage, does not bar recovery. The question arises whether as a matter of law appellee was guilty of direct and proximate contributory negligence.

In the Tennessee case of Donaho v. Large, 158 S. W. 2d 447, plaintiff was run down by a truck while walking on the right edge of the highway in violation of the statute which required him to walk facing traffic. In holding that plaintiff's negligence barred his right of recovery as a matter of law, the court based its decision

on the fact that plaintiff placed himself in a dangerous position and failed to use any degree of care for his own safety when he knew or should have known that he was in immediate danger of being injured. The Court noted that in such position it was his duty to use his faculties of hearing and seeing to avoid being struck. The fact that he was violating the statute does not make that case less applicable here. The fact that he was violating a statute in the *Donaho* case was incidental. The Court said in effect that the essence of contributory negligence on the part of a plaintiff necessary to bar his recovery involves a breach of duty under all the attending circumstances, or a failure to use reasonable care and diligence to avoid injury.

In Standridge v. Godsey, 226 S. W. 2d 277, the Tennessee Supreme Court discussed the *Donaho* case and distinguished it but did not disturb its holding. In Woods v. Meacham, 333 S. W. 2d 567, the *Donaho* rule was discussed and recognized, but in that case there was a disputed question of fact whether plaintiff was walking on the shoulder or the highway, and a jury issue was made.

██ Under the undisputed proof, appellee was working on the tire at the left rear of Beretta's automobile, which was in or near the center of the right hand, southbound traffic lane. The place the automobile stopped was just around the curve leading back into the main highway. Appellee was wearing dark trousers and a light grey coat. The head and tail lights were burning on Beretta's automobile. It is difficult to conceive of a more dangerous situation than that in which appellee placed himself. It seems to us a more dangerous place to be than to be walking on the wrong side of the road as the plaintiff did in the *Donaho* case. In the *Donaho* case the Court said that in view of the fact that plaintiff placed himself in a dangerous position it was his duty to use his faculties of hearing and seeing to avoid being

struck. So was it the duty of appellee in the case at bar, but, according to his own testimony, he did not use reasonable care and diligence to avoid injury. Beretta was standing at the rear of the automobile, and neither appellee nor Beretta posted any lookout for traffic. They did not use any means of observing the approach of automobiles or of attracting the attention of other motorists. It is clear to us that appellee was guilty of direct and proximate contributory negligence, contributing to his injury and damage. Under the Tennessee law he is barred from recovery.

We are also of the opinion that, assuming appellant did not properly construct and maintain the detour, the independent acts of appellee and the motorist who ran over him were the direct, efficient, intervening causes of the accident and injuries to appellee, and that any omissions on the part of appellant were unrelated to the negligence of said motorist and appellee, and merely furnished the condition or occasion of the accident and injury. Appellee did not testify to any fact other than as above stated. A truck driver approaching from the south saw the accident and he was the only witness who estimated the speed of the motorist who ran over appellee. Neither Beretta nor the motorist who ran over appellee testified. The proof on the question of proximate cause was nothing to compare with that in Matthews v. Thompson, 231 Miss. 258, 95 So. 2d 438.

The question of contributory negligence, already discussed, is sufficient to require that the case be reversed and judgment rendered here for appellant. It is, therefore, not necessary to exhaust the proposition that the omissions of appellant merely furnished the condition or occasion of the accident and injuries. The following Tennessee cases sustain appellant's position in this regard: L. & N. R.R. Co. v. Head, 332 S.W. 2d 682; Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S. W. 817; 8 A.L.R.

1243; White v. Long, 326 S.W. 2d 469; Stafford v. Consolidated Bus Lines, 179 Tenn. 185, 164 S.W. 2d 15; Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S.W. 2d 840.

For the reasons stated, the case is reversed and judgment rendered here for appellant.

Reversed and judgment here for appellant.

*Lee, P. J.,* and *Gillespie, Rodgers* and *Jones, JJ.,* concur.