**Russell BASTOE, Kathryn Bastoe, Individually and as Parents and Guardian Ad Litem of/and their Daughter, Denise Bastoe, Plaintiffs,**

v.

**STERLING DRUG, INC., Defendant.**

Civ. A. No. S85–0528 (R).

United States District Court,
S.D. Mississippi, S.D.

March 30, 1988.

Lawrence S. Kullman, Lewis & Kullman, New Orleans, La., Leonard A. Blackwell, II, Blackwell & White, Gulfport, Miss., for plaintiffs.

William F. Ray, William F. Goodman, Jr., P.M. Harkins, III, William F. Goodman, III, Watkins & Eager, Jackson, Miss., Michael J. Bonesteel, Kathryn M. Forgie, Haight, Dickson, Brown & Bonesteel, Santa Monica, Cal., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on Motion to Dismiss presented by the Defendant Sterling Drug, Inc. (Sterling) and the Court, having reviewed said motion, together with briefs and exhibits submitted in support and response thereto, finds that for the reasons more fully set forth herein the motion is not well taken and should be denied.

The plaintiffs contend that aspirin manufactured by Sterling caused their daughter, Denise Bastoe, to contract Reyes Syndrome. The plaintiffs are now and have been at all times relevant herein residents of Louisiana, while Sterling is authorized to do and is doing business in Mississippi. Sterling contends, and the plaintiffs do not dispute that almost, if not all facts relevant to Denise's illness and treatment, occurred in Louisiana. Sterling has employees and facilities in Mississippi and has appointed an agent for service of process in this state; however, as Sterling suggests, none of its operations in Mississippi have any relationship with the production and sale of aspirin. Sterling alleges that pursuant to the recent Mississippi Supreme Court decision in *Shewbrooks v. A.C. and S. Inc.*, No. 56,014 (Miss. filed August 19, 1987), this action should be dismissed, arguing that in light of *Shewbrooks* several theories supporting a dismissal of this cause are appropriate. It is the opinion of this Court that only two of Sterling's contentions merit discussion: the issue of *forum non conveniens* and the application of Mississippi's conflicts of laws rules.[1]

When examining the issue of *forum non conveniens* it has been determined that:

> [T]he interests of the federal forum in self-regulation, in administrative independence, and in self-management are more important than the disruption of uniformity created by applying federal *forum non conveniens* in diversity cases. We

are far down this road already, having made a series of similar choices in cases such as *Boeing Co. v. Shipman* [411 F.2d 365 (5th Cir.1969) ] and its progeny. We think those choices are correct. We therefore hold that a federal court sitting in a diversity action is required to apply the federal law of forum non conveniens when addressing motions to dismiss a plaintiff's case to a foreign forum.

*In Re Air Crash Disaster Near New Orleans, LA,* 821 F.2d 1147, 1159 (5th Cir. 1987).

The Fifth Circuit opined that even though federal *forum non conveniens* law is to be applied in diversity cases, the doctrine's application has been greatly restricted, and that:

> Only when the more convenient forum is a foreign country can a suit brought in a proper federal venue be dismissed on grounds of forum non conveniens. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction,* § 3828, at 279–280 (2d ed. 1986) *see also Pain v. United Technologies Corp.*, 637 F.2d 775, 784–85 (D.C.Cir.1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981); *Schertenleib v. Traum,* 589 F.2d 1156, 1159 (2d Cir. 1978).

> If the motion seeks a change of forum within the federal system, 28 U.S.C. § 1404(a) applies instead of the common law doctrine of forum non conveniens.

---

1. Sterling suggests that this Court has the ability to dismiss this cause through abstention and by application of Mississippi's Borrowing Statute. With regard to abstention, the facts in this case are strikingly similar to those in *Cowan v. Ford Motor Co.*, 694 F.2d 104 (5th Cir.1982), wherein the Fifth Circuit, in reversing a Mississippi District Court, determined that there is no "inherent justice" to decline jurisdiction and therefore where Mississippi law gives its courts jurisdiction over the defendant, federal courts in Mississippi must also accept jurisdiction. Pursuant to Mississippi law:

> [A]ll foreign corporations doing business in Mississippi shall be subject to suit here to the same extent that corporations of the state are, whether the cause of action accrued here or not, and this statute indicates a general policy of equality and similarity of treatment as between foreign and domestic corporations.

*Poole v. Mississippi Publishers Corp.*, 208 Miss. 364, 380, 44 So.2d 467, 473 (1950). *See also Leavell v. Doster,* 211 So.2d 813 (Miss.1968) and *S & W Construction Co. v. Douglas,* 244 Miss. 498, 142 So.2d 33 (1962). Because a Mississippi state court would accept personal jurisdiction over Sterling, this Court cannot abstain from doing so.

The application of Miss.Code Ann. § 15-1-65 (1972), (Mississippi's Borrowing Statute) is also unpersuasive to this case. To date the Mississippi Supreme Court has refused to apply § 15-1-65 to any situation other than where a non-resident moves into Mississippi after the statute has run on the cause in another state. *White v. Malone Properties,* 494 So.2d 576 (Miss. 1986); *Louisiana and Mississippi Railroad Transfer Co. v. Long,* 159 Miss. 654, 131 So. 84 (1930). Because the plaintiffs are now, and at all times relevant herein have been, residents of Louisiana, the statute cannot apply in this case.

*Id.* at 1159 n. 15.[2]

■ Clearly, this action cannot be dismissed on *forum non conveniens* grounds and because a Motion to Transfer under Section 1404(a) has not been presented, this Court will refrain from deciding whether such a transfer would be appropriate.[3]

Sterling alternatively suggests that a combination of the majority and concurring opinions in *Shewbrooks* redefines Mississippi's conflicts-of-laws rules. This Court is of the opinion that in *Shewbrooks* there was only a clear majority with respect to the issue of *forum non conveniens* and as noted earlier, in federal court, federal law controls.

■ Although in *Shewbrooks* the concurring opinion of Justice Robertson argues for and the dissenting opinion of Justice Hawkins laments against, a judicial change in Mississippi's choice of laws rules with respect to the current application of Mississippi's general statute of limitations [4], this

Court is of the opinion that *Shewbrooks* makes no change in the longstanding proposition that Mississippi's general statute of limitations is considered procedural and therefore applies to actions in Mississippi arising under the laws of another jurisdiction. *Maryland Casualty Co. v. Williams,* 377 F.2d 389 (5th Cir.1967); *Guthrie v. Merchants National Bank of Mobile,* 254 Miss. 532, 180 So.2d 309 (1965).

A closer examination of Justice Robertson's concurring opinion in *Shewbrooks* indicates that in attempting to further the application of the Restatement (Second) of Conflicts of Laws, initially recognized in Mississippi in *Mitchell v. Craft,* 211 So.2d 509 (Miss.1968), he advocates application of the center of gravity/choice of laws analysis to questions with respect to the statute of limitations.[5] This position would appear to be consistent with the approved revisions of the Restatement (Second) of Conflicts of Laws § 142 (1986).[6] Moreover,

2. Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. In *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264–65, 70 L.Ed.2d 419 (1981), the Supreme Court addressed the distinction between *forum non conveniens* and Section 1404(a) stating that:

Congress enacted § 1404(a) to permit change of venue between federal courts. Although the statute was drafted in accordance with the doctrine of *forum non conveniens,* see Revisor's Note, H.R.Rep. No. 308, 80th Cong., 1st Sess., A132 (1947); H.R.Rep. No. 2646, 79th Cong., 2d Sess., A127 (1946), it was intended to be a revision rather than a codification of the common law. *Norwood v. Kirkpatrick,* 349 U.S. 29 [75 S.Ct. 544, 99 L.Ed. 789] (1955). District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of *forum non conveniens. Id.* at 31–32 [75 S.Ct. at 546].

3. It would appear that if a Section 1404(a) transfer were granted on motion of the defendant, the transferee court would be bound to apply the conflicts-of-laws rules that would have been applied by this Court under the conflicts-of-laws rules of the State of Mississippi; and that if the transfer were granted on motion of the plaintiffs, the transferee court would be free to apply the conflicts-of-laws rules of the state in which the transferee court is located. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d

945 (1964). *See also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3846.

4. Miss.Code Ann. § 15–1–49 (1972).

5. In addition to Justice Robertson's concurring opinion in *Shewbrooks,* his persuasive arguments are also elaborately expressed in his concurring opinion in *White v. Malone Properties,* 494 So.2d 576, 579–83 (Miss.1986).

6. Formerly, the Restatement (Second) of Conflicts of Laws § 142 (1971) provided that:

(1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.
(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143.

However, the American Law Institute recently approved the revision of § 142 to read:

An action will be maintained if it is not barred by the statute of limitations of the forum unless the action would be barred in some other state which, with respect to the issue of limitations, has a more significant relationship to the parties and the occurrence. 54 U.S.L.W. 2597 (May 27, 1986).

Justice Robertson is by no means alone in his thinking. The idea that statutes of limitations should be considered procedural rather than

this Court is confident that Justice Robertson utilized the recently approved revisions to the Restatement in an attempt to convince his colleagues to accept his position; however, the current status of *Shewbrooks* indicates that he was not successful. Bound by *Shewbrooks* this Court must honor Mississippi's choice of laws rules and deny the defendant's Motion to Dismiss.

substantive, has been increasingly attacked by commentators and courts alike. R. Weintraub, *Commentary on the Conflict of Laws,* § 3.2C2 (3d ed. 1986); Lorenzen, *The Statute of Limitations and the Conflict of Laws,* 28 Yale L.J. 492 (1919); Milhollin, *Interest Analysis and Conflicts Between Statutes of Limitation,* 27 Hastings L.J. 1 (1975); Morley, *Applying the Significant Rela-* *tionships Test to Florida's Borrowing Statute,* 59, no. 7, Fla.B.J. 17 (July–August 1985); Reese, *The Second Restatement of Conflict of Laws Revisited,* 34 Mercer L.Rev. 501 (1983). *See also, Tomlin v. Boeing Co.,* 650 F.2d 1065 (9th Cir.1981); *Bates v. Cook,* 509 So.2d 1112 (Fla. 1987) and *Myers v. Cessna Aircraft Corp.,* 275 Or. 501, 553 P.2d 355 (1976).