**Rose CHERNOFF, Plaintiff,**

v.

**SUNSHINE PACKING CORP. OF PENNSYLVANIA, and David Rahal, Defendants.**

**Civ. A. No. 836.**

United States District Court
W. D. Pennsylvania.

Nov. 1, 1962.

---

Clifford H. Kahn, Erie, Pa., for plaintiff.

Byron A. Baur, Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, Pa., for defendants.

MARSH, District Judge.

At pretrial conference it appeared that the complaint was filed on December 1, 1961, in which plaintiff sought damages for personal injuries resulting from an automobile accident which occurred at or near the intersection of Broadway with West 72nd Street in the Borough of Manhattan, City and State of New York, allegedly due to the negligence of the agent of the defendant Sunshine Packing Corp. of Pennsylvania. On October 25, 1962, Sunshine Packing Corp. moved to amend its answer, inter alia, pleading that the Pennsylvania two-year statute of limitations barred the plaintiff's action. The plaintiff objected to the allowance of the amendment, but the objection was overruled and the amendment was allowed.

The complaint avers that the accident happened on the 29th day of December, 1958. Almost three years expired before the filing of the complaint in the United States District Court for the Western District of Pennsylvania.

The Pennsylvania statute of limitations provides:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards * * *." Act of 1895, June 24, P.L. 236, § 2, 12 P.S. § 34.

The Restatement of the Law, Conflict of Laws, § 603, states:

"If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose."

This is the Pennsylvania rule. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346.

An appropriate order will be entered dismissing the action.