Roseanna BUTLER, Admrx. of the Estate
of Roman R. Butler, Deceased,
Plaintiff,

v.

DRAVO CORPORATION, KEYSTONE
DIVISION, Defendant and Third-
Party Plaintiff,

v.

John C. BATES, t/a/d/b/a Eastern Ohio
Sand & Gravel Company, Third-
Party Defendant.

Civ. A. No. 69–910.

United States District Court,
W. D. Pennsylvania.

March 23, 1970.

Joseph P. Moschetta, Moschetta & Moschetta, Washington, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant.

Alan Bruce Bowden, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for third-party defendant.

OPINION

DUMBAULD, District Judge.

Plaintiff's decedent in the case at bar was drowned in the Ohio river near Steubenville, Ohio. It is agreed that historically the Ohio river forms part of the State of West Virginia. The death occurred on September 29, 1967, and suit was filed on July 30, 1969. The West Virginia statute of limitations is

two years. The Pennsylvania statute of limitations is one year. 12 P.S. § 1603. This suit is in admiralty.

■■ Historically, damages for wrongful death are not recoverable in admiralty. The Harrisburg, 119 U.S. 199, 213, 7 S.Ct. 140, 30 L.Ed. 358 (1886). But admiralty courts "borrow" and apply State wrongful death and survival statutes in appropriate cases. The Tungus v. Skovgaard, 358 U.S. 588, 590, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959); Scott v. Eastern Air Lines, 399 F.2d 14, 18 (C.A. 3, 1968). Likewise, there is no statute of limitations in admiralty. But state statutes of limitations are applied as a yardstick by analogy under the doctrine of laches. Kane v. U. S. S. R., 189 F.2d 303, 305 (C.A. 3, 1951); Finley v. United States, 244 F.2d 125, 128 (C.A. 3, 1957); Gardner v. Panama R. R. Co., 342 U.S. 29, 30–21, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

Conceivably temporal duration might be an intrinsic, integral ingredient of a cause of action, just as it is of a life estate or term for years of real estate. See Restatement, Conflicts, 605. In The Harrisburg, *supra*, 119 U.S. at 214, 7 S. Ct. at 147, the Court construed the Pennsylvania statute there involved as creating such a "self-destructing" liability. "The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * [admiralty] must take the right subject to the limitations which have been made a part of its existence. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right."

However, especially in "full faith and credit cases," restrictions in a wrongful death statute providing that the right shall be enforceable only by suit brought in the courts of the State creating the right, or within a certain time,[1] are ordinarily disregarded, and the rule followed that a transitory cause of action can be asserted and enforced in any court of competent jurisdiction in another State. Dumbauld, The Constitution of the United States (1964) 391–92.

■■ As stated in Wells v. Simonds Abrasive Co., 345 U.S. 514, 517, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), the generally accepted rule of conflicts of law is that the forum State applies its own statute of limitations. Rosenzweig v. Heller, 302 Pa. 279, 285, 153 A. 346 (1931); Chernoff v. Sunshine Packing Corp., 210 F.Supp. 717, 718 (W.D.Pa.1962); Gordon v. Loew's Inc., 247 F.2d 451, 454 (C.A. 3, 1957); Restatement, Conflicts, 603; Goodrich, Handbook of the Conflict of Laws (4th ed. by Eugene F. Scoles, 1964) 152–55. The statute of limitations is thus conceived of as being "procedural" and relating to the "remedy," rather than as "substantive." A federal court applies the conflicts rule of the State where it sits. Except that *Wells* did not involve a death in admiralty waters, it is on all fours with the case at bar. And this distinction does not appear to lead to any different conclusion.

■ The Pennsylvania "borrowing statute" (12 P.S. § 39) has no applicability here, since the West Virginia statutory period is longer than that of the forum.[2]

Accordingly, we hold that the law of the forum is determinative and that the action must be dismissed.

1. Wells v. Simonds Abrasive Co., 345 U.S. 514, 515–517, 73 S.Ct. 856, 97 L.Ed. 1211 (1953).

2. For illustrative cases where that statute applied, see Karagiannis v. Shaffer, 96

F.Supp. 211, 212 (W.D.Pa.1951); Mack Trucks Inc. v. Bendix-Westinghouse Co., 372 F.2d 18, 20 (C.A. 3, 1967).