Lawrence **SCHREIBER**,
Plaintiff-Appellant,

v.

**ALLIS–CHALMERS CORPORATION**,
Defendant-Appellee.

No. 78–1357.

United States Court of Appeals,
Tenth Circuit.

Argued May 17, 1979.

Decided Nov. 27, 1979.

Rehearing Denied Jan. 21, 1980.

Larry Latham, Jackson, Miss. (R. Daniel Lykins of Jones, Schroer, Rice & Bryan, Topeka, Kan., on brief), for plaintiff-appellant.

Barry E. Warren, Overland Park, Kan. (Frank Saunders, Jr., of Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., on brief), for defendant-appellee.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Lawrence Schreiber, plaintiff-appellant, appeals the summary judgment entered in favor of Allis-Chalmers, the defendant-appellee. The Memorandum and Order of the trial court now appears as *Schreiber v. Allis-Chalmers Corp.*, 448 F.Supp. 1079 (D.Kan.1978).

Schreiber filed the instant action in the United States District Court for the Southern District of Mississippi, Jackson Division, on June 16, 1977. Allis-Chalmers, the defendant, is incorporated in Delaware, and has its headquarters in Milwaukee, Wisconsin. Since 1932 Allis-Chalmers has been duly licensed, qualified and authorized to do business in the State of Mississippi. Service of process was made by serving Allis-Chalmers' statutory agent for service of process. Additionally, the general manager of Allis-Chalmers' manufacturing facility, located just south of Jackson, Mississippi, was personally served with process.

In the complaint Schreiber alleged that he is a resident and citizen of Kansas and federal jurisdiction is thus based on diversity of citizenship. Schreiber further alleged that on June 22, 1971, he was severely injured near Soldier, Kansas when working on an Allis-Chalmers Roto Baler, causing amputation of his arms. It was alleged that Allis-Chalmers had defectively designed and manufactured the Roto Baler in question and Schreiber's cause of action was grounded on ordinary and gross negligence, breach of implied warranty and strict liability. Damages were sought in the amount of $5,000,000.

Allis-Chalmers filed an answer and a motion for change of venue pursuant to 28 U.S.C. § 1404(a). The motion was based on a belief that since the accident complained of occurred in Kansas, the case should be

transferred to the United States District Court for the District of Kansas. A federal district judge in Mississippi denied the defendant's motion for change of venue.

In an original proceeding brought in the United States Court of Appeals for the Fifth Circuit that Court, by minute order, ordered the federal district court in Mississippi to transfer the case to the United States District Court for the District of Kansas. In due time the case was thus transferred.

In the Kansas federal court Allis-Chalmers filed a motion for summary judgment, and also sought, and obtained, an order staying discovery until a ruling on the summary judgment motion. The motion was predicated on two propositions: (1) the Mississippi federal court was without jurisdiction to adjudicate Schreiber's cause of action; and (2) assuming jurisdiction, the cause of action was barred by the 2-year Kansas statute of limitations.[1] After oral argument, the trial court granted Allis-Chalmers' motion for summary judgment, holding that the Mississippi federal court did not have jurisdiction to hear the case, and, alternatively, that if the Mississippi federal court did have jurisdiction, it would have applied the Kansas 2-year statute of limitations, which would bar the action. Schreiber now appeals the summary judgment entered for Allis-Chalmers.

The trial court in a detailed Memorandum and Order, consisting of some 20 printed pages, made no findings of fact, of course, since the case was disposed of by way of summary judgment. The critical portions in the Memorandum constitute conclusions of law, with a comprehensive review of the many legal authorities which have bearing thereon. We would parenthetically note that authorities dealing with the troublesome questions of federal jurisdiction and conflict of laws here involved are not only numerous but often contradictory.

We summarize the trial court's Memorandum and Order as follows: (1) The transferee court, the Kansas federal court, must decide this case as would the transferor court, the Mississippi federal court, and the Mississippi federal court in turn must apply Mississippi state law. We agree. (2) The Mississippi federal court would hold that a Mississippi state court under Mississippi statutory and case law could assume jurisdiction of this case. We agree. (3) The attempted assumption of jurisdiction by the Mississippi state court, however, must fail because such would violate federal due process. Therefore, the hypothetical Mississippi state court has no jurisdiction of the case. With this we disagree. (4) However, assuming jurisdiction on the part of the Mississippi state court, which in turn would give the federal district court in Mississippi jurisdiction to hear the case, under present Mississippi law the Mississippi state court would normally hold that the statute of limitations of the forum state, i. e., the 6-year statute of Mississippi controls. With this we agree. (5) However, if this particular case were presented to a Mississippi state court at this point in time, the Mississippi state court would, for the first time, abandon the *lex fori* rule and would apply the 2-year statute of limitations of the State of Kansas. With this we disagree.

■ As indicated, then, we agree with the trial court that it must sit as though it were a federal district court sitting in the Southern District of Mississippi. Although Allis-Chalmers apparently argued to the contrary in the trial court, on appeal it does not press the matter. The trial court's determination in this regard finds support in *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), where the Supreme Court held that the transferee federal district court is obligated to apply the state law that would have been applied if there had been no change of venue. A corollary of the foregoing is that in the instant case the Mississippi federal court in

1. Mississippi has a 6-year statute of limitations governing tort and warranty actions, and therein lies the root of the present controversy.

this diversity proceeding must apply Mississippi's state law, and the same rule extends to the field of conflict of laws. *Klaxon Company v. Stentor Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ As indicated, we also agree with the trial court in the instant case that a Mississippi state court, and therefore the Mississippi federal court, would hold that under Mississippi statutory and case law a Mississippi state court could assume jurisdiction of this case. In just so many words, a Mississippi statute provides that a foreign corporation doing business in Mississippi is subject to suit in Mississippi to the same extent that corporations of Mississippi are, "whether the cause of action accrued in this state or not." Section 79–1–27, Miss. Code 1972. In support of the trial court's interpretation of that statute, see *S. & W. Constr. Co. v. Douglas*, 244 Miss. 498, 142 So.2d 33 (1962) and the cases cited therein. In *Douglas* the Mississippi Supreme Court held that under Mississippi law a Mississippi state court had jurisdiction to hear a case wherein the plaintiff, a resident of Tennessee, was injured in an accident occurring in Tennessee and the defendant was a Tennessee corporation, which, however, had qualified to do business in Mississippi and had appointed a resident agent for service of process upon whom service had been effected.

■ As indicated, we do not agree that the assumption of jurisdiction by the Mississippi state court would offend federal due process. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) held that federal due process neither forbids, nor compels, a state from opening its courts to a proceeding against a foreign corporation doing business within the state even though the cause of action does not arise from events occurring within that state. In *Perkins* the foreign corporation there involved was described as having carried on in Ohio "a continuous and

systematic, but limited part of its general business." 342 U.S. at 448, 72 S.Ct. at 414. Based on the record before us, the same can be said of Allis-Chalmers as concerns its connection with the State of Mississippi. As mentioned at the outset, since 1932 Allis-Chalmers has been continuously duly licensed, qualified and authorized to do business in the State of Mississippi. Historically, the business transacted in Mississippi has been sales and sales promotion, although since 1973 Allis-Chalmers has maintained a manufacturing plant near Jackson, Mississippi. That particular plant of Allis-Chalmers manufactures power breakers for electrical utility companies.[2]

The Court of Appeals for the Ninth Circuit in *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977) has reviewed the pertinent authorities and has concluded that if a foreign corporation has sufficient deliberate "minimum contacts" with the forum state, a court may acquire in personam jurisdiction over such corporation in actions which arise from those forum contacts, and if the foreign corporation's activities in the forum state are so "continuous and systematic" that the foreign corporation may in fact be deemed "present" in the forum state, then the foreign corporation may be served in causes of action unrelated to forum activities. In the instant case Allis-Chalmers not only had deliberate minimum contacts with Mississippi, it also had continuous and systematic activities within the state and indeed for nearly 50 years has qualified and been statutorily authorized to do business in Mississippi.

The trial court was of the view that *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) sapped the continued vitality of *Perkins*. We do not agree. *Shaffer* is distinguishable from the instant case. *Shaffer* involved a quasi in rem action, filed in a Delaware state court, which was used as a springboard to obtain in personam jurisdiction over non-resident defendants. It was in such a setting that

---

**2.** In this general connection, it is agreed that the Roto Baler which allegedly caused Schreib-

er's injuries was *not* manufactured in Mississippi.

the Supreme Court held that the Delaware state court proceeding had to meet the minimum contacts standard of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In our case Allis-Chalmers, though a foreign corporation, had been duly qualified to do business in Mississippi, and for now nearly 50 years has been conducting "a continuous, systematic, but limited part of its general business" in the State of Mississippi. In sum, the local Mississippi law which would permit a state court to assume jurisdiction over the instant case does not in our best judgment violate federal due process.

As indicated, we agree with the trial court that, assuming jurisdiction lies with the hypothetical Mississippi state court, the latter on the basis of present Mississippi state law would normally apply the *lex fori*, insofar as it relates to the Mississippi 6-year statute of limitations.[3] Such in fact has been the precise holding of Mississippi federal courts in diversity cases. See *Steele v. G. D. Searle & Co.*, 422 F.Supp. 560 (S.D. Miss.1976), *on rhg.* 428 F.Supp. 646 (S.D. Miss.1977), and *Cummings v. Cowan*, 390 F.Supp. 1251 (N.D.Miss.1975).

As indicated, we disagree with the trial court's conclusion that, notwithstanding the fact that under present day law the Mississippi state court would ordinarily apply its 6-year statute to such a case, the Mississippi court, if this exact case were presented to it, would abandon the *lex fori* rule. It is the duty of the Kansas federal court, under the present circumstances, to follow Mississippi law as it presently exists, and not to anticipate that "the next time around" the Mississippi court would abandon its present law on the subject.

*Mitchell v. Craft*, 211 So.2d 509 (Miss. 1968), relied on by the trial court as indicating "progressive thinking of Mississippi courts on choice of law problems," does not support the theorization that a Mississippi state court handling the present case would abandon the *lex fori* rule and apply the 2-year statute of limitations of Kansas. In *Mitchell* the Mississippi Supreme Court merely adopted the "center of gravity" test for application of the proper substantive law, and in that case applied Mississippi substantive law to an automobile accident which occurred in Louisiana involving Mississippi residents. It does not follow, however, that Mississippi would abandon its long-adhered-to rule that in a proceeding in a Mississippi court the Mississippi statute of limitations governs. To the contrary, subsequent decisions by that court indicate continued adherence to the rule. *Vick v. Cochran*, 316 So.2d 242 (Miss.1975).

From a reading of the trial judge's Memorandum and Order it is quite evident that he was disturbed by the fact that though the present case could not be maintained in the first instance in Kansas federal court, because of the Kansas 2-year statute, it possibly could be maintained in a Mississippi federal court where a 6-year statute of limitations would control. There is perhaps a degree of incongruity in such result. However, it is axiomatic that hard cases make bad law. We think it preferable to adhere to accepted legal principles rather than strive to achieve, at the expense of those principles, a result which might appear to some as being more fair and just than the alternative.

Judgment reversed and cause remanded for further proceedings consonant with the views herein expressed.

---

3. It is agreed that under Kansas law the Kansas 2-year statute of limitations bars only the remedy, and does not extinguish the right.