Albert J. **FERENS** and Margaret L. Ferens, his wife

v.

**DEERE & COMPANY.**

Albert J. **FERENS** and Margaret L. Ferens, his wife

v.

**JOHN DEERE COMPANY, a/k/a Deere & Company.**

No. 86-3595.

United States Court of Appeals, Third Circuit.

Argued March 5, 1987.

Decided May 28, 1987.

Rehearing and Rehearing En Banc Denied July 9, 1987.

Stanley V. Ostrow (argued), William A. Penrod, Finkel Lefkowitz Ostrow & Woolridge, Pittsburgh, Pa., for appellants.

Gary F. Sharlock, David P. Helwig (argued), Sharlock, Repcheck & Mahler, Pittsburgh, Pa., for appellee.

Before GIBBONS, Chief Judge and SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

Albert J. Ferens and Margaret L. Ferens appeal from a summary judgment which was entered in favor of defendant, Deere & Company (Deere), in their product liability action grounded in diversity. The district court held that the action was time barred by Pennsylvania's two-year statute of limitations. *See* 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon 1981). Because their action was transferred pursuant to 28 U.S.C. § 1404(a)(1982), from the Southern District of Mississippi to the Western District of Pennsylvania, the Ferenses contend that the governing time limitation is Mississippi's six-year statute of limitations for personal injuries, 639 F.Supp. 1484. *See* Miss. Code Ann. § 15–1–49 (1972). We affirm.

### I.

The Ferenses reside in Dunbar, Fayette County, Pennsylvania. In July, 1981 Mr. Ferens purchased for use on his farm a John Deere Sidehill No. 6620 combine from the Uniontown Farm Equipment Company in Uniontown, Washington County, Pennsylvania. The combine was manufactured and distributed by Deere, a Delaware corporation with its principal place of business in Moline, Illinois and had been sold by Deere to Uniontown for resale. On July 5, 1982, in Washington County, Pennsylvania, while Mr. Ferens was cleaning the combine, his right hand became enmeshed in its rotating augur and was severed above the wrist.

On July 3, 1985 the Ferenses filed Civil Action No. 85–1534 in the Western District of Pennsylvania, alleging that Deere breached certain express and implied warranties of merchantability and fitness for use, in violation of the Pennsylvania Commercial Code. *See* 13 Pa.Cons.Stat.Ann. §§ 1101–9507 (Purdon 1984). This breach of warranty action, which is still pending, seeks compensation for Mr. Ferens' personal injuries. Under Pennsylvania law, a four-year statute of limitations governs actions for breach of warranty. *See* 13 Pa. Cons.Stat.Ann. § 2725 (Purdon 1984); 42 Pa.Cons.Stat.Ann. § 5525 (Purdon 1981).

On July 25, 1985 the Ferenses also filed Civil Action No. 85–2725 in the Southern District of Mississippi, Jackson Division, seeking identical damages as those sought in Pennsylvania for the same personal injuries suffered in the July 5, 1982 accident. In the Mississippi action, recovery was based on theories of negligence and strict liability in tort. Specifically, the Ferenses claimed that the combine was defective and that Deere failed to warn of the defects. The Ferenses chose Mississippi because Deere was qualified to do business there, having had appointed a local registered agent, as it had in many other states, and because the Mississippi statute of limitations for personal injuries is six years.[1] *See* Miss.Code Ann. § 15–1–49 (1972). The Ferenses did not allege that Deere designed or manufactured the combine in Mississippi, or that they ever set foot in that state.

After Deere filed an answer in the Mississippi action, the Ferenses made a motion, pursuant to 28 U.S.C. § 1404(a), to transfer their case to the Western District of Pennsylvania, claiming, *inter alia*, a) that they resided in Pennsylvania; b) that the accident occurred in Pennsylvania; c) that their claim had no connection with Mississippi; d) that a substantial number of material witnesses resided in the Western District of Pennsylvania, while none were in Mississippi; e) that a substantial number of necessary documentary exhibits

---

1. Pennsylvania has a two-year statute of limitations for personal injuries, 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon 1981) which had run when this action was filed three years after the accident occurred.

were in the Western District of Pennsylvania, while none were in Mississippi; and f) that the breach of warranty action pending in the Western District of Pennsylvania, involving the same accident, presented common questions of fact and law. On November 8, 1985, the transfer motion was granted and on November 21, 1985 the breach of warranty action and the negligence and strict liability action were consolidated for all purposes.

On February 20, 1986, Deere made a motion for summary judgment on all claims, asserting that the Pennsylvania statute of limitations barred the negligence and strict liability claims, and that the terms of its written warranty precluded the breach of warranty claims. The district court held that, despite the fact that the negligence and strict liability action had been transferred from Mississippi, it was governed by the Pennsylvania statute of limitations. Additionally, the court held that material fact issues prevented summary judgment in the breach of warranty action. Thus, summary judgment was entered on the negligence and strict liability claims, and the court directed the entry of final judgment pursuant to Fed.R.Civ.P. 54(b). This appeal followed. The breach of warranty case has been stayed pending its resolution.

## II.

The Ferenses' position is straightforward. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), federal district courts sitting in diversity must apply the choice-of-law rule of the state in which they sit. Moreover, under *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), when a diversity action is transferred from one federal district court to another, the transfer does not

result in the application of a new choice-of-law rule. Thus, the Ferenses urge, the District Court for the Western District of Pennsylvania was obliged to apply Mississippi's choice-of-law rule with respect to the statute of limitations governing personal injury cases. The Ferenses insist that Mississippi in this case would apply its own statute of limitations, and that therefore the Western District of Pennsylvania must do likewise.

The issue presented in the instant appeal, however, is not as facile as the Ferenses would have us believe. Their arguments ignore the constitutional limits imposed upon the application of transferor state law. Thus, we begin with an examination of Mississippi law, which is aberrational in two respects. First, Mississippi has adopted a highly unusual six-year statute of limitations for personal injury actions,[2] whereas most states have two-or three-year statutes of limitations for such claims. Second, the Mississippi Supreme Court has made an exceptionally uncommon interpretation of its borrowing statute. Like most jurisdictions in the United States, Mississippi has adopted a borrowing statute with respect to time limitations on actions.[3] The Mississippi version provides:

> When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

Miss.Code Ann. § 15–1–65 (1972).

On its face, Mississippi's borrowing statute would seem to suggest that Mississippi would look to Pennsylvania for the limitations period governing the Ferenses negli-

---

**2.** Only five states have six-year statutes of limitations for personal injury claims. *See* Me.Rev. Stat.Ann. tit. 14, § 752 (1964); Minn.Stat. § 541.05 (Supp.1987); Miss.Code Ann. § 15–1–49 (1972); N.D.Cent.Code § 28–01–16 (1974); S.C.Code Ann. § 15–3–530 (Law Co-op 1977).

**3.** Pennsylvania borrowing statute, for example, provides:

> The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

42 Pa.Cons.Stat.Ann. § 5521 (Purdon 1981).

gence and strict liability claims since those claims would be time barred in Pennsylvania. Relying on the clause "where the defendant has resided before he resided in this state," however, the Mississippi Supreme Court has held that its borrowing statute "only applies where a non-resident in whose favor the statute has accrued afterward moves into this state." *Louisiana & Mississippi R. Transfer Co. v. Long*, 159 Miss. 654, 667, 131 So. 84, 88 (1930); *see also Cowan v. Ford Motor Co.*, 719 F.2d 785 (5th Cir.1983) (applying the Mississippi Supreme Court's interpretation of § 15–1–65). Because Deere was qualified to do business in Mississippi at the time this action accrued, it would be treated as a resident of Mississippi under Mississippi law. *See Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1011 (5th Cir. 1969). Thus, the Ferenses argue that because the Mississippi borrowing statute is inapplicable, Mississippi would apply its own statute of limitations, and under *Klaxon* and *Barrack* the federal courts must do likewise.

Oddly, the one federal appellate court which has confronted the anomaly of applying a Mississippi statute of limitations to an action having no nexus with that state, *Schreiber v. Allis-Chalmers Corp.*, 611 F.2d 790 (10th Cir.1979), has applied *Klaxon* and *Barrack* in the manner which the Ferenses urge. In *Schreiber*, a Kansas plaintiff was injured in Kansas by a product manufactured by a Delaware corporation with its principal place of business in Wisconsin. After the expiration of the Kansas statute of limitations but before the expiration of the Mississippi statute, the Kansas plaintiff sued in the federal district court in Mississippi, which thereafter transferred the action, pursuant to 28 U.S.C. § 1404(a), to a federal district court in Kansas. The federal district court in Kansas refused to apply the Mississippi statute of limitations. *See* 448 F.Supp. 1079 (D.Kan.1978). The Court of Appeals

for the Tenth Circuit, however, reversed, holding that *Van Dusen v. Barrack* controlled and that the Mississippi statute of limitations applied.

Although *Schreiber v. Allis-Chalmers Corp.* is precisely on point,[4] it has been severely criticized. *See* E. Scoles & P. Hay, *Conflict of Laws* 132 (1984); Martin, *Statutes of Limitations and Rationality in the Conflict of Laws*, 19 Washburn L.J. 405, 421 (1980); Grossman, *Statutes of Limitations and the Conflict of Laws: Modern Analysis*, 1980 Ariz.St.L.J. 1, 56–65. We agree with the critics that at most, *Klaxon* and *Barrack* require a federal diversity forum to apply a state choice-of-law rule which the state court could, as a matter of federal law, lawfully apply. Indeed, the *Van Dusen v. Barrack* Court expressly acknowledged as much. The Court, in rejecting the contention that a section 1404(a) transfer would result in a prejudicial change of law, observed:

> In so ruling, however, we do not and need not consider whether in all cases § 1404(a) would require the application of the law of the transferor, as opposed to the transferee State.[41]

---

41. We do not suggest that the application of transferor state law is free from constitutional limitations. *See, e.g., Watson v. Employers Liability Assurance Corp., Ltd.*, 348 U.S. 66, [75 S.Ct. 166, 99 L.Ed. 74]; *Hughes v. Fetter*, 341 U.S. 609 [71 S.Ct. 980, 95 L.Ed. 1212]; *Pacific Employers Ins. Co. v. Industrial Accident Comm'n*, 306 U.S. 493 [59 S.Ct. 629, 83 L.Ed. 940]; *Alaska Packers Ass'n v. Industrial Accident Comm'n*, 294 U.S. 532 [55 S.Ct. 518, 79 L.Ed. 1044]; *Home Ins. Co. v. Dick*, 281 U.S. 397 [50 S.Ct. 338, 74 L.Ed. 926].

*Van Dusen v. Barrack*, 376 U.S. at 639, 84 S.Ct. at 821. Thus, the *Barrack* Court reasserted the continuing authority of those cases which, under the due process and full faith and credit clauses, have established federal limits upon aberrational state choice-of-law rules.

Moreover, the *Barrack* Court's reference to *Home Insurance Co. v. Dick*, 281 U.S.

---

4. While Deere points out that in *Barrack* and in *Schreiber* the transfer motions were made by defendants, *see Barrack*, 376 U.S. at 614, 84 S.Ct. at 808; *Schreiber*, 611 F.2d at 791, and that in the instant appeal the section 1404(a) motion

was made by the plaintiff, *see* 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, § 3846 (2d ed. 1986), our decision today does not depend on this distinction.

397, 50 S.Ct. 338, 74 L.Ed. 926 (1930), is for present purposes particularly significant. *Dick* involved a Texas state court applying Texas law to avoid the application of a contract term that barred any action on the insurance policy commenced after one year. The policy had been issued in Mexico to a Mexican citizen, covering a Mexican risk, and a Mexican loss had in fact occurred. The contract term in question was valid under Mexican law. The *Dick* court held that by applying its own longer limitation of actions policy instead of that of the jurisdiction having more significant contacts with the occurrence (Mexico), Texas violated the due process clause. *See Dick*, 281 U.S. at 408, 50 S.Ct. at 341; *see also Hartford Accident & Indemnity Co. v. Delta & Pine Land Co.*, 292 U.S. 143, 149, 54 S.Ct. 634, 636, 78 L.Ed. 1178 (1934) (Mississippi courts cannot void limitation of action provision in Tennessee insurance policy).

Although both *Dick* and *Delta & Pine Land Co.* involved contracts incorporating shorter limitations than those authorized by the governing state law, those holdings are not limited to contractual situations. As Justice Brennan explained in *Allstate Insurance Co. v. Hague*, 449 U.S. 302, 310–11, 101 S.Ct. 633, 639, 66 L.Ed.2d 521 (1981):

> *Dick* and [*John Hancock Mutual Life Insurance Co. v. Yates*, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106 (1936)] stand for the proposition that if a State has only an insignificant contact with the parties and the occurrence or transaction, application of its law is unconstitutional. *Dick* concluded that nominal residence—standing alone—is inadequate; *Yates* held that postoccurrence change of residence to the forum State—standing alone—was insufficient to justify application of forum law.

All the cases decided by the Supreme Court after *Dick* which permitted the application of forum law over due process of full faith and credit objections involved situations in which the forum state had some contact with the case and some interest by virtue of that contact, justifying the application of the forum state's law. *See Hague*, 449 U.S. at 312–13, 101 S.Ct. at 640; Martin, *Statutes of Limitations and Rationality in the Conflict of Laws*, 19 Washburn L.J. 405, 421 (1980).

The instant appeal presents the precise situation to which Justice Brennan refers in *Hague*—nominal residence, standing alone. Deere is nominally a resident of Mississippi because, in order to do business there, it has appointed a local resident agent. The lawsuit does not grow out of any business which Deere conducted in Mississippi. Mississippi has no interest in the injuries sustained by Mr. Ferens, or in the transaction by which he acquired the combine that injured him. Mississippi's contacts with the parties and the occurrence or transaction are plainly so insignificant that the application of its law would be arbitrary, fundamentally unfair, and therefore unconstitutional. *See Hague*, 449 U.S. at 312–13, 101 S.Ct. at 640.

### III.

Consequently, because Mississippi could not apply its own law to the Ferenses' suit against Deere if the suit were pending in a Mississippi state court, neither *Klaxon* nor *Barrack* require that a federal diversity forum do so either. Conversely, since the Ferenses are Pennsylvania residents, the injury occurred in Pennsylvania, and the combine was acquired there, Pennsylvania has substantial contacts with the occurrence, thereby rendering the application of its law neither arbitrary nor fundamentally unfair.[5] Hence, the district court did not err in rejecting the applicability of the Mississippi statute of limitations.

The judgment appealed from will therefore be affirmed.

SEITZ, Circuit Judge, dissenting.

It is hardly original to say that hard cases make bad law. Depending on one's

---

5. Because we hold that Mississippi could not constitutionally apply its law in this case, we have no reason to consider whether, as Deere contends, the *Van Dusen v. Barrack* rule applies only when a defendant makes a section 1404(a) motion. *See* note 4 *supra*.

perspective, this case involves either skillful lawyering within established rules to obtain favorable law or unfair forum-shopping. The majority, in my view, has unwarrantedly imposed constitutional limitations on a forum's choice of law to prevent the Ferenses from gaining an advantage under the provisions of 28 U.S.C. § 1404(a).

The majority holds that it would be unconstitutional for a Mississippi state court to apply its statute of limitations in this case. In so holding, it ignores the distinction between the constitutional limitations on a forum's choice of substantive law and a forum's application of its procedural law.

The forum has traditionally applied its state's statute of limitations, regardless of what state's substantive law controlled. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 778 n. 10, 104 S.Ct. 1473, 1480 n. 10, 79 L.Ed.2d 790 (1984); *Scudder v. Union National Bank*, 91 U.S. (1 Otto) 406, 23 L.Ed. 245 (1875); *Ross v. Johns-Manville Corp.*, 766 F.2d 823 (3d Cir.1985); *Loughan v. Firestone Tire & Rubber Co.*, 624 F.2d 726 (5th Cir.1980); Restatement (Second) of Conflict of Laws § 142(2) (1971). Although most states have enacted borrowing statutes to address the problem presented in this case, I am not persuaded that this choice-of-law approach is mandated by the Constitution.

The majority opinion fails to cite any cases supporting its position that a forum's application of its statute of limitations may violate the due process clause of the Constitution. The two Supreme Court cases relied on by the majority, *Allstate Insurance Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981), and *Home Insurance Co. v. Dick*, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930), address only the constitutional limits on a forum's choice of substantive law. In *Hague*, Justice Brennan stated that "for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggrega-tion of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." 449 U.S. at 312–13, 101 S.Ct. at 640. Moreover, the Court in *Dick* distinguished the case before it, which involved an attempt to apply Texas substantive law to a contractual limitation on the period in which the parties could sue, from a case in which the forum simply applied its procedural statute of limitations. 281 U.S. at 409–10, 50 S.Ct. at 342.

In the absence of any Supreme Court decision disavowing the traditional rule permitting a state to apply its own statute of limitations,[1] I conclude that a Mississippi court's application of its six-year statute of limitations in cases such as the one before us would not violate due process. *See Cowan v. Ford Motor Co.*, 694 F.2d 104, 107 (5th Cir.1982) (rejecting the contention that *Hague* and *Dick* limit Mississippi's selection of its statute of limitations).

Because I believe a Mississippi court could apply its statute of limitations in this case, I turn now to the issue whether the district court erred in applying Pennsylvania's statute of limitations to the Ferenses' tort claim. The parties agree that the Mississippi state courts would apply its six year statute of limitations in this case. *See Cowan v. Ford Motor Co.*, 719 F.2d 785 (5th Cir.1983); *Louisiana & Mississippi R. Transfer Co. v. Long*, 159 Miss. 654, 131 So. 84 (1930). They also agree that under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the federal district court in which this case was originally filed was bound to apply Mississippi's choice-of-law rules, and hence, its statute of limitations.

In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that the law of the transferor state should be applied when a defendant moves for a transfer under section 1404(a). It based this holding on two grounds. First, it stated that its holding

---

**1.** In *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 778 n. 10, 104 S.Ct. 1473, 1480 n. 10, 79 L.Ed.2d 790 (1984), the Court refused to reach the question whether the traditional choice of law rule, permitting a forum to select its statute of limitations, was limited by the due process clause.

would prevent the defendant from using section 1404(a) as a forum-shopping device. 376 U.S. at 633–36, 84 S.Ct. at 818–19. Second, the Court concluded that under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), section 1404(a) should be interpreted to "ensure that the 'accident' of federal diversity jurisdiction does not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed." 376 U.S. at 638, 84 S.Ct. at 820. The *Barrack* Court explicitly reserved the question whether the same rule should apply in cases in which the plaintiff initiated the transfer. A number of courts of appeals, however, have held that the law of the transfer state should govern regardless of which party moved for transfer if the transferor court is a proper forum in terms of venue and personal jurisdiction. *See Gonzalez v. Volvo of America Corp.*, 734 F.2d 1221, 1223–24 (7th Cir.1984); *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983); *Martin v. Stokes*, 623 F.2d 469, 471–73 (6th Cir.1980).

By focusing on whether the transferor court was a permissible forum rather than the identity of the party seeking the transfer, the courts have prevented improper forum-shopping by denying plaintiffs the ability to obtain advantageous state law in fora in which they could not properly maintain an action. At the same time, deciding the choice of law issue on the basis of the propriety of the plaintiff's initial forum selection complies with the requirement in *Barrack* that a transfer from a proper forum does not "achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed." 376 U.S. at 638, 84 S.Ct. at 820.

In this case, there is no dispute that this case could be brought in the federal district court for the southern district of Mississippi in terms of venue and personal jurisdiction over the defendant. Because *Barrack* and the *Erie* doctrine require courts to treat a transfer under such circumstances as "just a change of courtrooms," *Martin v. Stokes, supra*, 623 F.2d at 472, the Mis-

sissippi statute of limitations should have been applied to the Ferenses' tort action.

The district court based its decision to apply the transferee's law on the ground that plaintiffs must demonstrate some good faith intent to proceed in the court where the action was originally filed before they can obtain the advantages of the transferor's law. Because it believed that the Ferenses had no intention of proceeding in the Mississippi federal district court, the court applied Pennsylvania's statute of limitations to the tort action.

This factual inquiry into the plaintiff's motives, however, is not justified under section 1404(a). Section 1404(a) permits both plaintiffs and defendants to initiate transfers "for the convenience of the parties." Moreover, as noted above, compliance with the *Barrack* language dictates that the law of the transferor state govern when the transferor court is a permissible forum.

There may be, as the appellees urge, good reasons to prevent clever plaintiffs from taking advantage of the transfer provisions in the way the Ferenses did in this case. Whether there should be restrictions on plaintiff-initiated transfers under section 1404(a), however, is an issue that is best left to Congress.

Federal courts should not "establish and impose upon state courts a federal choice-of-law rule." *Allstate Insurance Co. v. Hague, supra*, 449 U.S. at 334, 101 S.Ct. at 651 (Stevens, J., concurring). As a federal court sitting in diversity, the district court of the southern district of Mississippi was bound to apply Mississippi's six-year statute of limitations. To be consistent with both *Erie* and *Barrack*, the transferee court should have applied the Mississippi statute of limitations to the Ferenses' tort action. I would therefore reverse the judgment of the district court.