Albert J. FERENS and Margaret L.
Ferens, his wife

v.

DEERE & COMPANY.

Albert J. FERENS and Margaret L.
Ferens, his wife

v.

JOHN DEERE COMPANY, a/k/a
Deere & Company.

No. 86–3595.

United States Court of Appeals,
Third Circuit.

Argued March 5, 1987.

Decided May 28, 1987.

Opinion Nov. 25, 1988.

Rehearing and Rehearing In Banc
Denied Jan. 5, 1989.

Stanley V. Ostrow, William A. Penrod,
Finkel, Lefkowitz, Ostrow & Woolridge,
Pittsburgh, Pa., Arnold Levin, David J.
Perlman, Levin, Fishbein, Seoran & Berman, Philadelphia, Pa., for appellants.

Gary F. Sharlock, David P. Helwig, Sharlock, Repcheck & Mahler, Pittsburgh, Pa.,
for appellee.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

Before GIBBONS, Chief Judge, and
SEITZ and ALDISERT, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Chief Judge:

The present action is here on remand
from the Supreme Court for reconsideration in light of *Sun Oil Co. v. Wortman,*
— U.S. ——, 108 S.Ct. 2117, 100 L.Ed.2d
743 (1988). In *Ferens v. Deere & Co.,* 819
F.2d 423 (3d Cir.1987), *vacated* and *remanded* 486 U.S. ——, 108 S.Ct. 2862, 101
L.Ed.2d 898 (1988), this court held that a
Mississippi court could not apply Missis-

32

sippi's statute of limitations to a tort which occurred in Pennsylvania where both plaintiffs were residents of Pennsylvania and the combine was purchased in Pennsylvania. This panel held that application of the laws of Mississippi would have been "arbitrary, fundamentally unfair, and therefore unconstitutional." *Id.* at 427. The district court determination that Pennsylvania's statute of limitations was applicable and therefore barred the action was affirmed. Because Mississippi was found to be constitutionally obligated to apply the Pennsylvania statute of limitations, this court never addressed which forum's statute of limitations applies to the diversity action as a result of its having been filed in the Federal District Court for the Southern District of Mississippi and transferred pursuant to 28 U.S.C. § 1404(a) (1982) to the Federal Court for the Western District of Pennsylvania. Under the court's reasoning, both states and hence both district courts [1] would apply the Pennsylvania statute of limitations making it unnecessary to determine if the transferor or transferee forum's law applied following plaintiff's successful request for transfer pursuant to § 1404(a). This reasoning is inconsistent with the Supreme Court's determination in *Sun Oil Co. v. Wortman.* The Constitution does not preclude Mississippi's practice of applying its own statute of limitations to actions in its courts which are governed by the substantive law of another state. Thus, this court must address the previously undetermined question of which forum's law governs following a change of venue under 28 U.S.C. § 1404(a) which was granted pursuant to plaintiff's request. Under the circumstances of this case, we hold that the transferee forum's law applies (Pennsylvania).

Albert J. Ferens and Margaret L. Ferens brought this appeal from a summary judgment which was entered in favor of defendant, Deere & Company (Deere), in their product liability action grounded in diversi-

ty. The district court held that the action was time barred by Pennsylvania's two-year statute of limitations. *See* 42 Pa. Cons.Stat.Ann. § 5524(2) (Purdon 1981).

Because the action was transferred pursuant to 28 U.S.C. § 1404(a) from the Southern District of Mississippi to the Western District of Pennsylvania, the appellants contend that Mississippi's six-year statute of limitations for personal injuries governs. *See* Miss.Code Ann. § 15-1-49 (1972). We disagree. Thus we affirm the district court's judgment.

## I.

The Ferenses reside in Dunbar, Fayette County, Pennsylvania. In July 1981, Mr. Ferens purchased, for use on his farm, a John Deere Sidehill No. 6620 combine from the Uniontown Farm Equipment Company in Uniontown, Washington County, Pennsylvania. The combine was manufactured and distributed by Deere, a Delaware corporation with its principal place of business in Moline, Illinois. It had been sold by Deere to Uniontown for resale. On July 5, 1982, in Washington County, Pennsylvania, while Mr. Ferens was cleaning the combine, his right hand became enmeshed in its rotating augur and was severed above the wrist.

On July 3, 1985, the Ferenses filed Civil Action No. 85-1534 in the Western District of Pennsylvania, alleging that Deere breached certain express and implied warranties of merchantability and fitness for use in violation of the Pennsylvania Commercial Code. *See* 13 Pa.Cons.Stat.Ann. §§ 1101-9507 (Purdon 1984). This breach of warranty action, which is still pending, seeks compensation for Mr. Ferens' personal injuries. Under Pennsylvania law, a four-year statute of limitations governs actions for breach of warranty. *See* 13 Pa. Cons.Stat.Ann. § 2725 (Purdon 1984); 42 Pa.Cons.Stat.Ann. § 5525 (Purdon 1981).

On July 25, 1985, the Ferenses also filed Civil Action No. 85-2725 in the Southern

---

**1.** *See Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (federal courts sitting in diversity actions generally apply the choice of law of the state in which they sit).

District of Mississippi, Jackson Division, seeking identical damages as those sought in Pennsylvania for the same personal injuries suffered in the July 5, 1982 accident. In the Mississippi action, recovery was based on theories of negligence and strict liability in tort. Specifically, the Ferenses claimed that the combine was defective and that Deere failed to warn of the defects. The Ferenses chose Mississippi because Deere was qualified to do business there, having had appointed a local registered agent, as it had in many other states, and because the Mississippi statute of limitations for personal injuries is six years.[2] *See* Miss.Code Ann. § 15–1–49 (1972). The Ferenses did not allege that Deere designed or manufactured the combine in Mississippi, or that they ever set foot in that state.

After Deere filed an answer in the Mississippi action, the Ferenses made a motion, pursuant to 28 U.S.C. § 1404(a), to transfer their case to the Western District of Pennsylvania, claiming inter alia, a) that they resided in Pennsylvania; b) that the accident occurred in Pennsylvania; c) that their claim had no connection with Mississippi; d) that a substantial number of material witnesses resided in the Western District of Pennsylvania, while none were in Mississippi; e) that a substantial number of necessary documentary exhibits were in the Western District of Pennsylvania, while none were in Mississippi; and f) that the breach of warranty action pending in the Western District of Pennsylvania, involving the same accident, presented common questions of fact and law. On November 8, 1985, the transfer motion was granted and on November 21, 1985, the breach of warranty action and the negligence and strict liability action were consolidated for all purposes.

On February 20, 1986, Deere made a motion for summary judgment on all claims, asserting that the Pennsylvania statute of limitations barred the negligence and strict liability claims, and that the terms of its written warranty precluded the breach of warranty claims. The district court held that despite the fact that the negligence and strict liability action had been transferred from Mississippi, it was governed by the Pennsylvania statute of limitations. Additionally, the court held that material fact issues prevented summary judgment in the breach of warranty action. Thus, summary judgment was entered on the negligence and strict liability claims, and the court directed the entry of final judgment pursuant to Fed.R.Civ.P. 54(b). The Ferenses appealed. The breach of warranty case has been stayed pending its resolution.

On appeal, this panel determined that Mississippi courts were constitutionally required to apply Pennsylvania's statute of limitations to the present action. *Ferens v. Deere & Co.*, 819 F.2d 423 (3d Cir.1987), *vacated* and *remanded* 486 U.S. ——, 108 S.Ct. 2862, 101 L.Ed.2d 898 (1988). We thus affirmed the district court determination that Pennsylvania's two-year statute of limitation, barred the negligence and strict liability actions. We did not address whether the law of the transferor or transferee forum applied reasoning that the law applied would be the same in either forum. The Supreme Court granted certiorari, vacated and remanded the opinion for reconsideration in light of *Sun Oil Co. v. Wortman*, —— U.S. ——, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988). This panel's determination in *Ferens v. Deere & Co.* is inconsistent with *Sun Oil*.

In *Sun Oil Co. v. Wortman*, —— U.S. ——, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988), the Supreme Court held that a state court may choose to apply its own statute of limitations to claims governed by the substantive laws of another state without violating either the full faith and credit clause or the due process clause. The Court's opinion stated that statutes of limitations are procedural and the forum is entitled to apply its own procedural laws

---

**2.** Pennsylvania has a two-year statute of limitations for personal injuries, 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon 1981) which had run when

this action was filed three years after the accident occurred.

for choice of law purposes.[3] The Court explicitly rejected the suggestion that statutes of limitations should be treated substantively for conflict of law purposes to be consistent with their treatment for *Erie* doctrine purposes. *Id.* at ——, 108 S.Ct. at 2124; *see also Guaranty Trust v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (federal district courts sitting in diversity actions must apply the substantive law of the state in which they sit including statutes of limitations). The Supreme Court explained:

> Except at the extremes, the terms "substance" and "procedure" precisely describe very little except a dichotomy, and what they mean in a particular context is largely determined by the purposes for which the dichotomy is drawn. In the context of our *Erie* jurisprudence, [citations omitted], that purpose is to establish (within the limits of applicable federal law, including the prescribed Rules of Federal Procedure) substantial uniformity of predictable outcome between cases tried in federal court and cases tried in the State in which the federal court sits. [citations omitted]. The purpose of the substance procedure dichotomy in the context of the Full Faith and Credit Clause, by contrast, is not to establish uniformity but to delineate spheres of state legislative competence.

*Sun Oil Co. v. Wortman, id.* at ——, 108 S.Ct. at 2124.

Hence, a state may apply its own statute of limitations to an action governed by the substantive law of another state.

Mississippi treats its statute of limitations as procedural for choice of law purposes and applies it to actions even though they are otherwise governed by the substantive law of another state. *See Vick v. Cochran,* 316 So.2d 242, 246 (Miss.1975). This court's prior decision that the full faith and credit clause and the due process clause require Mississippi courts to apply Pennsylvania's statute of limitations is inconsistent with the Supreme Court's determination in *Sun Oil Co. v. Wortman, supra.* Thus, Mississippi state courts and federal courts sitting in diversity actions would apply the Mississippi statute of limitations to this action. This raises the question left unresolved by this panel's last decision: following plaintiff's successful request for change of venue pursuant to 28 U.S.C. § 1404(a), does the law of the transferor or transferee forum control?

## II.

The Ferenses position is straightforward. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), federal district courts sitting in diversity must apply the choice-of-law rule of the state in which they sit. Thus, a Mississippi federal district court sitting in diversity would apply Mississippi's six-year statute of limitations to the present action because that is what a Mississippi state court would do. *See Vick v. Cochran,* 316 So.2d 242 (Miss.1975). Moreover, under *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), when a defendant obtains a transfer pursuant to 28 U.S.C. § 1404(a), the law of the transferor forum applies. Ferenses contend that the same rule should apply when a plaintiff obtains a transfer under

---

**3.** Justice O'Connor, joined by the Chief Justice, concurred in the determination that the forum may treat its statute of limitations as procedural and apply it to a case governed by the substantive law of another state only so long as this other state treats its statute of limitations as procedural. These Justices reserved the question of whether a forum may apply its statute of limitations to a case where the governing substantive state law treats its statute of limitations as substantive. *Sun Oil v. Wortman,* —— U.S. at ——, 108 S.Ct. at 2133. This issue is not raised in the present context. Pennsylvania treats its statute of limitations as procedural. *See Butler v. Dravo Corp.,* 310 F.Supp. 1265 (W.D.Pa.1970).

In another separate concurrence, Justices Brennan, Marshall and Blackmun concurred in the result permitting application of the forum's statute of limitations but did so through different reasoning. —— U.S. at ——, 108 S.Ct. at 2128. These Justices reasoned that conducting the litigation gave the forum sufficient procedural interests in the litigation to constitutionally permit application of the forum's statute of limitations. *Id.* at ——, 108 S.Ct. at 2129. Justice Kennedy did not take part in the consideration or decision of this case.

§ 1404(a).[4] Following from this contention, the transferee Pennsylvania federal district court in the present action should have applied the same law as the transferor Mississippi federal district court would have applied which is the same law that a Mississippi state court would have applied which is Mississippi's six year statute of limitations. We disagree.

In *Van Dusen v. Barrack*, plaintiffs, as the personal representatives of the decedents, brought forty wrongful death actions in the Eastern District of Pennsylvania for deaths resulting from an airplane crash in Massachusetts. 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Pursuant to the defendants' request, the district court ordered these actions transferred to Massachusetts where over 100 similar actions were pending. Plaintiffs objected to the transfer because they were not legal representatives of the decedents pursuant to Massachusetts law. The court of appeals vacated the transfer order holding that it could be granted only if the plaintiffs were legal representatives under Massachusetts law. The Supreme Court granted certiorari and reinstated the transfer order. The Court held that in a case where defendant obtains a change of venue under § 1404(a), the state law of the transferor forum will govern.

In *Van Dusen*, the Supreme Court explained that § 1404(a) is designed to promote convenience. *Id.* at 634–35, 84 S.Ct. at 818–19. Yet, federal law gives plaintiffs the right to choose the forum with the most favorable law and defendants should not be able to use § 1404(a) to defeat plaintiff's choice of law:

> There is nothing, however, in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper vanue. ... § 1404(a) was not designed to narrow the

plaintiff's venue privilege or to defeat the state-law advantages that might accrue from the exercise of this venue privilege but rather the provision was simply to counteract the inconveniences that flowed from the venue statutes by permitting transfer to a convenient federal court.

*Id.* at 633–35, 84 S.Ct. at 818–19. The Supreme Court stated that § 1404(a) should not be construed to allow forum shopping. *Id.* at 636–38, 84 S.Ct. at 819–20. Accordingly, § 1404(a) should be interpreted in a manner that promotes federal-state uniformity. *Id.; see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (federal courts sitting in diversity apply the substantive law of the state in which they sit). While the *Erie* doctrine generally calls for uniformity between a federal court and the state courts where it sits, the *Van Dusen* situation was different. Because the plaintiffs in *Van Dusen* had exercised their federal venue privilege to choose Pennsylvania federal court and the defendants had sought transfer to Massachusetts, the Court held that § 1404(a) should be construed to achieve uniformity between the Massachusetts federal court (transferee court) and the state courts of Pennsylvania where the action was filed. This protected plaintiffs venue choice as to law and prevented the use of § 1404(a) as a forum shopping device by defendants. Defendants were not able to use § 1404(a) in Pennsylvania's federal courts to obtain a result that they could not obtain in the state courts of Pennsylvania.

In *Ferens v. Deere & Co.*, we are faced with the same problem in a different guise; plaintiffs are attempting to use § 1404(a) to forum shop. They are time-barred from bringing their action in the state courts of Pennsylvania or directly in a diversity action in the federal courts sitting in Pennsylvania. They hope to do indirectly what they cannot do directly. They hope to use

---

**4.** In *Schreiber v. Allis–Chalmers Corp.*, 611 F.2d 790 (1979), the Court of Appeals for the Tenth Circuit held that the law of the transferor forum applied in a case involving a plaintiff-initiated transfer under § 1404(a). The court simply stated that *Van Dusen v. Barrack* provided sup-

port for this position. *Id.* at 792. It did not discuss the fact that the Supreme Court explicitly limited its holding in *Van Dusen v. Barrack* to defendant-initiated transfers, 376 U.S. at 640, 84 S.Ct. at 821, leaving the question of plaintiff-initiated transfers unresolved.

§ 1404(a) and a brief stop in Mississippi to achieve a result in the federal courts of Pennsylvania that they could not achieve in the state courts of Pennsylvania. If allowed, this result would be contrary to the principles set forth in *Van Dusen.*

In *Ferens,* unlike *Van Dusen,* there is no danger of the defendant using § 1404(a) to defeat the plaintiffs' federal venue privilege. In *Ferens,* the plaintiffs obtained the change of venue. In effect, the Ferenses choice of venue is the transferee forum, Pennsylvania.[5]

Under these circumstances, there is no reason to depart from the goal of federal-state uniformity as set forth in *Erie;* § 1404(a) should be construed to obtain uniformity between the Pennsylvania federal courts (transferee forum) and the state courts of Pennsylvania. The Pennsylvania state courts would apply Pennsylvania's two-year statute of limitations. *See Butler v. Dravo Corp.,* 310 F.Supp. 1265 (W.D.Pa. 1970).

█ Applying the transferee forum's state law to plaintiff-initiated § 1404(a) transfers will prevent forum shopping by plaintiffs who hope to bootstrap the favorable law of another state into a convenient but otherwise unfavorable forum. We recognize that this construction of § 1404(a) may allow plaintiffs to correct a mistake as to which forum has the most favorable law in cases where plaintiffs initially file in a less favorable forum. *But see Mata v. Budd Company,* 44 F.R.D. 225 (E.D.Pa. 1968) (district court denied plaintiff's request for transfer to a forum where the action was not time barred because such "legal footwork" was against the "inter-

ests of justice."). Yet, allowing plaintiffs to correct a choice of venue error is less problematic than allowing plaintiffs to bootstrap favorable law into a forum. If the Ferenses' construction of § 1404(a) was accepted by this court, § 1404(a) would turn the longest state statute of limitations into the federal statute of limitation to be applied in diversity cases where the plaintiffs can initially bring the action in the favorable state and subsequently transfer it to a convenient forum. The better construction of § 1404(a) is that the state law of the transferee forum applies to plaintiff-initiated transfers.

█ The district court held that Pennsylvania's two-year statute of limitations barred the present action. We will affirm the judgment of the district court.

SEITZ, Circuit Judge, dissenting.

I agree with the majority that, in light of *Sun Oil Co. v. Wortman,* — U.S. —, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988), its earlier opinion imposing substantive due process limitations on a state court's application of its own statute of limitations lacks continuing vitality. The majority goes on, however, to construe the transfer statute (1404(a)) in the present context to require transferee forum's statute of limitations to be applied by the transferee court. Once again, I regretfully find myself unable to agree.

In its earlier opinion in this case, the majority, for whatever reason, did not first address the defendant's contention that the transfer statute did not require the transferee forum to apply the transferor forum's statute of limitations when the trans-

---

5. The courts are not unanimous. *See Carson v. U–Haul Co.,* 434 F.2d 916, 918 (6th Cir.1970) ("We hold only that since transfer was at the request of the plaintiffs, Georgia was no longer the forum state. Kentucky became the new forum state and its statute of limitations controlled."); *Parham v. Edwards,* 346 F.Supp. 968 (S.D.Ga.1972), *aff'd per curiam,* 470 F.2d 1000 (5th Cir.1973). *But see Martin v. Stokes,* 623 F.2d 469 (6th Cir.1980) (overturning *Carson v. U–Haul Co.*) (Applicable law is determined by the type of transfer, not the party making the motion: state law of transferor forum applies to § 1404(a) transfers; whereas, state law of transferee forum applies to § 1406(a) transfers.);

*Nelson v. International Paint Co.,* 716 F.2d 640, 643 (9th Cir.1983) (follows *Martin v. Stokes,* applicable law depends on the type of the transfer); *see also Gonzalez v. Volvo of America,* 734 F.2d 1221 (7th Cir.1984) (choice of law of the transferor forum applies to plaintiff-initiated § 1404(a) transfers); *Schreiber v. Allis–Chalmers Corp.,* 611 F.2d 790 (10th Cir.1979); *Schenk v. Piper Aircraft Corp.,* 377 F.Supp. 477, 480 (W.D.Pa.1974) (Pennsylvania statute of limitations barred wrongful death action; plaintiff's request for transfer denied by district court which reasoned that transferee forum was required to apply the law of transferor forum).

fer motion was made by the plaintiff in the present context. Because I disagreed with the majority's resolution of the constitutional issue, I reached and rejected the defendant's statutory position. *Ferens v. Deere & Company, et al.*, 819 F.2d 423, 427–28 (3d Cir.1987), *vacated*, — U.S. —, 108 S.Ct. 2862, 101 L.Ed.2d 898 (1988). I continue to believe that analysis is correct and am content to summarize those views here.

It is undisputed that when plaintiffs filed suit in the Southern District of Mississippi, it was a permissible forum insofar as personal jurisdiction and venue were concerned. When plaintiffs filed a motion in that court under section 1404(a) to transfer the action to the Middle District of Pennsylvania, they were asking, in terms of section 1404(a), that the transfer be granted "for the convenience of parties and witnesses, [and] in the interest of justice." It contains no language limiting its availability to defendants. But there is a much more important reason not to import into the transfer statute a change of law provision where a plaintiff is concerned. The objective of the transfer statute is solely trial convenience. Its use has nothing to do with change of law. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The Supreme Court has made this perfectly clear by emphasizing that the sole purpose of the transfer statute is to change the courtroom. As recently as June of this year, the Supreme Court stated, albeit in a different context, that "Section 1404(a) is doubtless capable of classification as a procedural rule; and, indeed, we have so classified it in holding that a transfer pursuant to § 1404(a) does not carry with it a change in the applicable law." *Stewart Organization v. Ricoh Corp.*, — U.S. —, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988).

I conclude, as I did in my earlier dissent, that section 1404(a) contains no language expressing an intent to exclude a plaintiff from invoking it. More to the point, it does not provide for a change of law when a case is transferred at the instance of a plaintiff.

Apparently, the sole justification for the majority's position seems to be that to allow a plaintiff to invoke section 1404(a) is to permit "forum shopping." The use of this epithet here does not withstand analysis. Forum shopping refers to choosing the most favorable place to bring suit, whether as a matter of substance or procedure. K. Redden & E. Veron, *Modern Legal Glossary* 213 (1980). Thus, it implicates some choice. Here plaintiffs had no choice at the time they decided to sue. Mississippi provided the only available forum given the pertinent statutes of limitations. Theirs was a classic Hobson's Choice. Consequently, the act of filing suit in Mississippi, the only available forum, did not constitute forum shopping as that term is usually understood.

Did the action of plaintiffs in moving for a transfer under section 1404(a) involve any form of forum shopping? Since "a transfer under 1404(a) does not carry with it a change in the applicable law," one may ask how forum shopping is even relevant. The granting of the motion did not give plaintiffs a substantive or procedural benefit they did not already have in Mississippi. *Stewart Organization, Inc. v. Ricoh Corp.*, 108 S.Ct. at 2245. Indeed, the only benefit which the plaintiffs can be said to enjoy is one that they share in common with the defendants; namely, that the litigation be conducted in the most convenient forum for those concerned.

I conclude where I began. Forum shopping is irrelevant to the objectives of the transfer statute because a transfer gives a plaintiff no procedural or substantive right he did not already possess.

I would reverse the judgment of the district court.